**UNITED STATES of America,**
**Plaintiff,**

v.

**John J. FRANK, John W. Leon, Oliver W. Angelone, Defendants.**

**Crim. No. 134–63.**

United States District Court
District of Columbia.
Jan. 15, 1964.

David C. Acheson, U. S. Atty., Harold J. Sullivan, Asst. U. S. Atty., Washington, D. C., for plaintiff.

Edward L. Carey, Walter E. Gillcrist, Washington, D. C., for defendants.

YOUNGDAHL, District Judge.

Various motions of defendants came on to be heard before this Court on November 1, 1963. Thereafter defendants and the Government filed briefs, which this Court has considered, together with the original papers and the oral argument, in reaching the following conclusions:

■ 1. The motion (filed April 2, 1963) to suppress upon the ground that certain property was seized in violation of the Constitution must be denied. The articles were seized in connection with a civil case by persons who had no connection with any law enforcement officer of the Government. The subsequent use of such property by a grand jury which later began an investigation into certain matters first revealed in the civil proceedings and the similar use by the Government in the forthcoming trial of this case do not violate any prohibition of the Constitution. See Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048 (1921). The exclusionary rule applied to evidence seized in violation of the Fourth Amendment is designed to force law enforcement agents to observe the procedural safeguards of the Constitution. Where, as here, any possible irregularity—actually, it is not clear that there was any such irregularity—was solely the responsibility of private persons, with no connection or collusion of any kind with any law enforcement agent, the exclusionary rule does not apply.

■ 2. The motion (filed April 2, 1963) to dismiss for alleged violations of Rule 6(e), Federal Rules of Criminal Procedure, must also be denied. The affidavits, based solely upon hearsay, presented by defendants to show that there was an improper disclosure on the part of the Assistant United States Attorney are insufficient to raise any legitimate issue of fact in the face of the uncontradicted affidavits based on direct personal knowledge filed by the Government, which demonstrate that there was no improper disclosure of matters before the grand jury. There is thus no necessity for oral testimony on this motion.

■ 3. The motion (filed April 2, 1963) to dismiss the indictment will be denied to the extent that it refers to counts two and three of the indictment. Defendants cannot complain of any unnecessary specificity in count two. There is no need for the Government to elect between count two (charging a violation of 47 U.S.C. § 301, operating a radio apparatus without a station license) and count three (charging a violation of 47 U.S.C. § 318, operating a radio apparatus without an operator's license). And any possible regulations modifying the requirements of 47 U.S.C. § 318, as permitted by the statute,[1] are matters for defense, and need not be negatived in the indictment.

■ The motion to dismiss count one, however, will be granted. Count one charges Housebreaking, under D.C.Code 22–1801—specifically, an entry of the room of a certain person with intent to commit certain wilful and knowing violations of the Federal Communications Act, namely 47 U.S.C. § 301 (operating without a station license), § 318 (operating without an operator's license), and certain regulations contained in 47 C.F.R. 15.206 (dealing with frequencies, power, and other technicalities of operation).

Congress has specified that wilful and knowing violations of the Communications Act are misdemeanors, carrying short prison terms but high fines. 47 U.S.C. § 501 provides for a penalty of a fine of not more than $10,000 or imprisonment for not more than one year, or both, for wilfully and knowingly violating any, statutory provision. And 47 U.S.C. § 502 provides for a penalty of a fine of not more than $500 for each and every day during which there occurs a wilful and knowing violation of any rule or regulation of the Federal Communications Commission. Congress has thus considered the matter of punishment for these offenses with great particularity, and it would ignore the purpose of Congress to permit an indictment to en-

1. *"Provided, however,* That the Commission if it shall find that the public interest, convenience, or necessity will be served thereby may waive or modify the foregoing provisions of this section [requiring an operator's license] for the operation of any station [with certain specified exceptions which may not be waived or modified]" 47 U.S.C. § 318.

large these penalties to a 15-year prison term simply by alleging that the defendants entered a certain room with intent to commit the above misdemeanors.

■ Generally, entry with intent to commit a misdemeanor, such as petit larceny, is sufficient to support a charge of Housebreaking. But the nature of these offenses under the Federal Communications Act, and the unusual character of the punishments specified by Congress, suggests that this general rule should not apply to these offenses.

It is true, of course, that the wording of the Housebreaking statute—"Whoever shall * * * enter * * * any * * * room * * * with intent * * * to commit any criminal offense * * * "—would cover the particular entry here at issue. But words must always be construed reasonably, in conformity with their purpose. The House-breaking statute was worded broadly [2] in order to make unnecessary the distinctions in common-law Burglary between night and day, between breaking and non-breaking, and between dwellings and non-dwellings, and at the same time provide an offense which is designed to punish those who violate the sanctity of any confined place. The nature of the criminal offense which the person who enters intends to commit must therefore be reasonably related to the sanctity of the place entered—usually a crime of violence against persons or a crime involving the taking or destruction of property.

The Government argues that "any criminal offense" means "any criminal offense," and there is no need for further consideration. By this reasoning, however, entry of any room with an intent, for instance, to violate the anti-trust laws

or the regulations of the Securities & Exchange Commission could subject the individual to prosecution for Housebreaking. Such a result appears completely out of line with the reasonable intent of Congress. This Court does not decide exactly how far the words "any criminal offense" in the Housebreaking statute might reasonably be construed to reach in some other situation, but this Court does decide that they cannot reach an entry simply because the individual at the moment of entry intended to violate the above provisions of the Federal Communications Act.

■ The Government has argued that the alleged violations of the Federal Communications Act are analogous to the common law crime of Eavesdropping, a crime against the person's right of privacy. This argument would be persuasive if the provisions of the Communications Act for the alleged violation of which defendants have been indicted were truly provisions designed to preserve inviolate the right of privacy. But the true purpose of these provisions is the regulation of the radio industry by means of licenses granted in the interest of efficiency, order, and regulated competition. The purpose was thus to protect the airwaves in the public interest, not to preserve a private right of privacy. The indictment alleges violations of certain licensing requirements, and Housebreaking is not committed by an entry with intent to commit violations of such requirements.

■ 4. The motion (filed October 24, 1963) for inspection and copying of certain alleged tape recordings made by the Government will be denied in view of the Government's uncontradicted statement that none of the tapes contains any conversation in which any of the defend-

2. "Whoever shall, either in the night or in the daytime, break and enter, or enter without breaking, any dwelling, bank, store, warehouse, shop, stable, or other building, or any apartment or room, whether at the time occupied or not, or any steamboat, canal boat, vessel, or other watercraft, or railroad car, or any yard where any lumber, coal, or other

goods or chattels are deposited and kept for the purpose of trade, with intent to break and carry away any part thereof or any fixture or other thing attached to or connected with the same, or to commit any criminal offense, shall be imprisoned for not more than fifteen years." D.C. Code 22–1801.

ants participated, and in view of the Government's stipulation that it will not use any of the tapes in its case-in-chief. Any possible inspection of the tapes in advance of the possible use of such tapes by the Government in rebuttal will await a ruling by the court which tries this case in the event that the issue arises.

It is therefore by the Court this 15th day of January, 1964, ORDERED That the motion of defendants to dismiss count one of the indictment shall be and the same is hereby granted, and it is

FURTHER ORDERED That all remaining motions of defendant considered above shall be and the same hereby are denied.