**UNITED STATES of America, Appellee,**

v.

**Robert Spencer VASTINE, Jr., and Edward Joseph Doyle, Appellants.**

**Nos. 15621, 15622.**

United States Court of Appeals Third Circuit.

Argued April 19, 1966.

Decided June 20, 1966.

Rehearing Denied Sept. 1, 1966.

the substantive offenses but guilty of the crime of conspiracy. A motion in arrest of judgment, and in the alternative for a new trial, was denied and this appeal followed.

█ It appears from the record that the appellants admitted the removal of Government property from the Olmsted Air Force Base but denied that the removal was accompanied by any criminal intent. They argue that under these circumstances there was implicit in the not guilty verdicts a jury determination that the criminal intent essential to the substantive offenses was absent. With this as a premise they then argue that they could not have been found guilty of the crime of conspiracy of which the same criminal intent was an essential ingredient. As noted by the trial judge in a memorandum, this rationale fails to take into consideration other possible reasons for the inconsistent verdicts.

The appellants maintain that since the charges in the respective counts of the indictment were supported by the same evidence, the verdict of not guilty on each of the substantive counts precluded the entry of judgment on the guilty verdict on the conspiracy count. There was authority for this view prior to Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932), but it no longer represents the law. Moreover, the cases cited in the appellants' brief are distinguishable and clearly inapposite.

Thomas H. Lane, Harrisburg, Pa., for appellants.

Julius Altman, Asst. U. S. Atty., Scranton, Pa. (Bernard J. Brown, U. S. Atty., Scranton, Pa., Harry A. Nagle, Asst. U. S. Atty., Lewisburg, Pa., on the brief), for appellee.

Before KALODNER, HASTIE and SMITH, Circuit Judges.

WILLIAM F. SMITH, Circuit Judge.

The appellants were tried by the court and a jury on an indictment in four counts. They were charged in three separate counts with the theft or conversion of United States property in violation of § 641 of Title 18 U.S.C., and in a single count with conspiracy to commit the said offenses in violation of § 371 of the same title. The jury found them not guilty of

█ Where different offenses are charged in separate counts of a single indictment, an acquittal on one or more of the counts does not invalidate a verdict of guilty on another even where the same evidence is offered in support of each count. Dunn v. United States, supra; United States v. Cindrich, 241 F. 2d 54, 57 (3rd Cir. 1957); United States v. Dolasco, 184 F.2d 746, 749 (3rd Cir. 1950); Koolish v. United States, 340 F.2d 513, 526 (8th Cir. 1965), cert. den. 381 U.S. 951, 85 S.Ct. 1805, 14 L.Ed.2d 724; United States v. Russo, 335 F.2d 299, 301 (7th Cir. 1964), cert. den. 379 U.S. 962, 85 S.Ct. 651, 13 L.Ed.2d 556;

Rua v. United States, 321 F.2d 140, 143 (5th Cir. 1963), cert. den. 377 U.S. 969, 84 S.Ct. 1651, 12 L.Ed.2d 738; United States v. Woodell, 285 F.2d 316 (4th Cir. 1960); United States v. Costello, 221 F.2d 668, 676 (2nd Cir. 1955), affirmed on other grounds 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397. A rational consistency in the verdicts of a jury on the separate counts of a single indictment is not required. Ibid. The reason for the rule appears to be predicated on special considerations relating to the peculiar role of the jury. See generally United States v. Maybury, 274 F.2d 899, 902–903 (2nd Cir. 1960); Bickel, Inconsistent Verdicts in Federal Courts, 63 Harv. L.Rev. 649 (1950).

In Dunn v. United States, the Court quoted with approval the following statement from Steckler v. United States, 2 Cir., 7 F.2d 59, 60:

> "The most that can be said in such cases is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt. We interpret the acquittal as no more than their assumption of a power which they had no right to exercise, but to which they were disposed through lenity."

The Court, referring to the verdict then before it, went on to say, 284 U.S. at page 394, 52 S.Ct. at page 191:

> "That the verdict may have been the result of compromise, or of a mistake on the part of the jury, is possible. But verdicts cannot be upset by speculation or inquiry into such matters."

The application of this principle precludes our speculating as to the possible reason for the inconsistent verdicts in the instant case.

The appellants further complain that the court failed to instruct the jury "as to the issues involved and the principles which of necessity must be applied in reaching a correct conclusion." The specific complaint is that the judge failed to adequately instruct the jury as to the limited purpose and effect of certain evidence offered solely to prove criminal intent. We find no such inadequacy in the court's instructions. Moreover, the appellants made no request for a limiting instruction; absent such a request the court cannot be charged with error. Fed. Rules Cr.Proc. rule 30, 18 U.S.C.A.; Sica v. United States, 325 F.2d 831, 836 (9th Cir. 1963), cert. den. 376 U.S. 952, 84 S.Ct. 970, 11 L.Ed.2d 972; United States v. Smith, 283 F.2d 760, 764 (2nd Cir. 1960), cert. den. 365 U.S. 851, 81 S.Ct. 815, 5 L.Ed.2d 815; Berry v. United States, 271 F.2d 775 (5th Cir. 1959), cert. den. 362 U.S. 903, 80 S.Ct. 612, 4 L.Ed.2d 555.

The judgment of the court below will be affirmed.

HASTIE, Circuit Judge (concurring).

At the trial of this indictment the taking of government property was clearly proved and not disputed. On all counts, both those for criminally converting government property to the wrongdoers' use and the one for conspiracy to commit the substantive offense, the only disputed use was the intent of the accused. Acquittals on the substantive counts were decisions that the disputed criminal intent was lacking. The conviction on the conspiracy count, from which this appeal has been taken, is a decision that the same criminal intent was present.

Recognizing the authority of Dunn v. United States, 1932, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356, I concur in the affirmance of the conspiracy convictions despite their inconsistency with the simultaneous acquittals on the substantive counts. However, in doing so I express my opinion that an enlightened jurisprudence should not thus permit the jailing of accused persons on a record exhibiting verdicts in which a jury simultaneously says "yes" and "no" in answer to a single critical question. In these circumstances, a judge of an inferior court can do no more than express his hope that the rule of the *Dunn* case will soon be reconsidered and abandoned.