**UNITED STATES of America**

v.

**Ronald F. FOX, Appellant.**

**No. 22785.**

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 24, 1969.

Decided June 30, 1970.

Petition for Rehearing Denied July 31, 1970.

Mr. Theodore R. Groom, Washington, D. C. (appointed by this court) for appellant.

Mr. Donald T. Bucklin, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., John A. Terry and

James E. Kelley, Asst. U. S. Attys., were on the brief, for appellee. Messrs. David G. Bress, U. S. Atty., at the time the record was filed, and James R. Phelps, Asst. U. S. Atty., also entered appearances for appellee.

Before BAZELON, Chief Judge, and ROBINSON and ROBB, Circuit Judges.

PER CURIAM:

Appellant was tried before a jury on a three-count indictment charging second degree burglary,[1] petit larceny[2] and engaging in a riot.[3] Defense counsel's motion for a judgment of acquittal on all charges was granted as to the riot count but denied as to the two remaining.[4] The jury rendered verdicts finding appellant guilty of burglary but not guilty of larceny.[5] Imposition of sentence was suspended, and appellant was placed on probation for five years.

Appellant's single contention here is that the Government failed to adduce evidence legally sufficient to prove the specific intent required to sustain a conviction of burglary. After careful review of the record, we disagree, and accordingly affirm the conviction.

On April 5, 1968, during the tumultuous aftermath of the assassination of Dr. Martin Luther King, Jr., appellant was arrested inside a Safeway food store. Indisputably, the store was not open for business, and appellant was without formal authority to enter.[6] There was evidence that commercial establishments in the neighborhood were being looted, and the principal fact issue at appellant's trial related to what he himself was doing at the time.

The arresting officer testified that he went into the store through a broken front window and observed people in some number inside "helping themselves to groceries and meats and things like that." About fifteen feet inside the store, said the officer, he met appellant on his way out with an estimated five cartons of cigarettes, which appellant then dropped to the floor. Appellant denied that he ever had the cigarettes, and explained that he had gone into the store partly out of curiosity and partly to exhort several young people therein to leave. The jurors' verdict on the burglary count makes it evident that they preferred the officer's account.

Appellant's entry into the store constituted second degree burglary if accompanied by an intent to steal once therein.[7] The intended theft need not have been consummated;[8] what is crucial is whether the act of entering coin-

1. D.C.Code § 22–1801(b) (Supp. I 1968), quoted *infra* note 7.

2. D.C.Code § 22–2202 (1967).

3. D.C.Code § 22–1122 (Supp. I 1967).

4. When made originally at the conclusion of the Government's case in chief, the motion was denied in toto. When renewed after all the evidence was in, the motion was granted as to the riot count only.

5. See text *infra* at notes 20–22.

6. The manager of the store testified that he closed and locked the store, with everything inside intact, approximately a half hour before appellant's arrest, and that no one had permission to enter thereafter.

7. "Except as provided in subsection (a) of this section, whoever shall, either in the night or in the daytime, break and enter, or enter without breaking, any dwelling, bank, store, warehouse, shop, stable, or other building or any apartment or room, whether at the time occupied or not, or any steamboat, canalboat, vessel, or other water craft, or railroad car or any yard where any lumber, coal, or other goods or chattels are deposited and kept for the purpose of trade, *with intent to* break and carry away any part thereof or any fixture or other thing attached to or connected with the same, or to *commit any criminal offense*, shall be guilty of burglary in the second degree. Burglary in the second degree shall be punished by imprisonment for not less than two years nor more than fifteen years." D.C.Code § 22–1801(b) (Supp. I 1968) (emphasis supplied).

8. Cady v. United States, 54 App.D.C. 10, 11, 293 F. 829, 830 (1923); Lee v. United States, 37 App.D.C. 442, 445 (1911).

cided, in point of time,[9] with an intent, in the statutory language, "to commit any criminal offense."[10] Without suggesting that this broad designation embraces all misdemeanors,[11] we think it clear that it includes petit larceny.[12]

Axiomatically, an accused's state of mind must be shown circumstantially. Standing alone, unauthorized presence in another's premises hardly supports an inference of entry with a criminal purpose,[13] but when aided by other circumstances it very well might.[14] And in appraising the capabilities of the added circumstances shown here, we must accept the evidence, including legitimate deductions from proven facts, in the light most favorable to the Government.[15] So viewed, we conclude that the jury could properly infer from the Government's proofs a criminal intent that makes for burglary.

Inhering in the situation portrayed by the Government's evidence was a logical deduction negating appellant's thesis of an innocent entry into the Safeway Store.[16] The evidence showed rather plainly that appellant had gained ingress through the broken front window,[17] and at a time when the store was obviously closed. He was apprehended as that store and others nearby were being looted, and while he was carrying several cartons of cigarettes in the apparent act of leaving the store. Quite significantly, when confronted by the arresting officer, appellant dropped the cigarettes, in what the jury might interpret as an attempt to rid himself of them.[18] From these indicia of criminal activity, consummated or contemplated, the jury could reasonably infer that appellant entered the store with that purpose in mind.[19] True it is that appellant disput-

---

9. See note 7, *supra.* And see Cady v. United States, *supra* note 8, 54 App.D.C. at 11, 293 F. at 830.

10. See note 7, *supra.*

11. See United States v. Frank, 225 F.Supp. 573, 576 (D.D.C.1964), aff'd in part, 120 U.S.App.D.C. 392, 347 F.2d 486, cert. dismissed, 382 U.S. 923, 86 S.Ct. 317, 15 L.Ed.2d 338 (1965).

12. *Id.*

13. See Cady v. United States, *supra* note 8, 54 App.D.C. at 11, 293 F. at 830.

14. *Id.* at 11–12, 293 F. at 830–831.

15. Crawford v. United States, 126 U.S. App.D.C. 156, 157, 375 F.2d 332, 333 (1967) ; Curley v. United States, 81 U.S. App.D.C. 389, 392, 160 F.2d 229, 232, cert. denied, 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850 (1947).

16. Some of the arguments presented drift away from this central concern. This is not a case in which conviction was sought or obtained on evidence showing the accused's mere presence at the time and place of another's offense. *E. g.,* Bailey v. United States, 135 U.S.App.D.C. 95, 416 F.2d 1110 (1969). Nor did the Government seek to bottom appellant's conviction on an inference derived from the possession of property allegedly recently stolen. *E. g.,* Davis v. United States, 230 A.2d 485 (D.C.App.1967).

17. The arresting officer testified that, save for the broken window, the front of the building housing the store was intact when he arrived. And see note 6, *supra.* The evidence does not suggest that appellant broke the window, but it does reveal the unorthodox method by which he entered.

18. There was no direct testimony that the cigarettes were appropriated inside the store, but the circumstances warrant the inference that they were. That the cartons were unwrapped is plain from the fact that the arresting officer knew what they were; that they did not belong to appellant is connoted by the fact that he readily abandoned them when the officer came upon him. The jury was free to reject the alternative but dubious inference that, under the conditions prevailing, appellant had entered the store possessed of five unwrapped cartons of cigarettes obtained elsewhere.

19. Lee v. United States, *supra* note 8, 37 App.D.C. at 446. Compare Cady v. United States, *supra* note 8, 54 App.D.C. at 11–12, 293 F. at 830–831. We know that the jury made a finding on that score because the trial judge instructed on unlawful entry, D.C.Code § 22–3102 (1967), as a lesser included offense distinguished principally by an absence of criminal intent accompanying the entry.

ed the testimony relative to the cigarettes, and protested that his motive in entering was non-criminal. But it was for the jury to resolve the issues of credibility and evidentiary weight, and this the jury did adversely to appellant.

We are mindful that the jury, while convicting appellant of burglary, acquitted him of larceny, but we do not extract from the acquittal a finding that appellant never had the cigarettes in hand, nor perceive in it a barrier to guilt of the burglary. It may well be that the jury was just not satisfied that appellant's undefined asportation of the cigarettes within the confines of the store sufficed to warrant a larceny conviction.[20] And however much the jury's conclusion may tax the legally trained's penchant for consistency, the law is clear that inconsistent verdicts among the varied charges of a multi-count indictment are not self-vitiating.[21] Appellant's acquittal on the larceny count did not exclude the hypothesis that he entered the store with an intent to steal.[22]

20. And see note 22, *infra*.

21. The Supreme Court holds that inconsistent verdicts are legally tolerable, Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932); United States v. Dotterweich, 320 U.S. 277, 64 S.Ct. 134, 88 L.Ed. 48 (1943), and so do we. Jackson v. United States, 114 U.S. App.D.C. 181, 183–184, 313 F.2d 572, 574–575 (1962); Gillars v. United States, 87 U.S.App.D.C. 16, 21, 182 F.2d 962, 967 (1950); American Medical Ass'n v. United States, 76 U.S.App.D.C. 70, 89, 130 F.2d 233, 252 (1942), aff'd, 317 U.S. 519, 63 S.Ct. 326, 87 L.Ed. 434 (1943); Crichton v. United States, 67 App.D.C. 300, 303, 92 F.2d 224, 227, cert. denied, 302 U.S. 702, 58 S.Ct. 22, 82 L.Ed. 542 (1937). The same rule obtains in every other federal circuit. Crespo v. United States, 151 F.2d 44, 45 (1st Cir. 1945), cert. dismissed, 327 U.S. 758, 66 S.Ct. 520, 90 L.Ed. 991 (1946); United States v. Carbone, 378 F.2d 420 (2d Cir.), cert. denied, 389 U.S. 914, 88 S.Ct. 242, 19 L.Ed.2d 262 (1967); United States v. Vastine, 363 F.2d 853, 854–855 (3d Cir. 1966); United States v. Grow, 394 F.2d 182, 208 (4th Cir.), cert. denied, 393 U.S. 840, 89 S.Ct. 118, 21 L.Ed.2d 111 (1968); Ehrlich v. United States, 238 F.2d 481, 484 (5th Cir. 1956); United States v. Shipp, 359 F.2d 185, 187 (6th Cir.), cert. denied, 385 U.S. 903, 87 S.Ct. 213, 17 L.Ed.2d 134 (1966); United States v. Hickey, 360 F.2d 127 (7th Cir.), cert. denied, 385 U.S. 928, 87 S.Ct. 284, 17 L.Ed.2d 210 (1966); Canaday v. United States, 354 F.2d 849, 855–856 (8th Cir. 1966); Bryson v. United States, 238 F.2d 657, 663 (9th Cir. 1956), cert. denied, 355 U.S. 817, 78 S.Ct. 20, 2 L.Ed. 2d 34 (1957); Speers v. United States, 387 F.2d 698, 703 (10th Cir. 1967), cert. denied, Sidary v. United States, 391 U.S.

934, 88 S.Ct. 1844, 20 L.Ed.2d 853 (1968). The great majority of state courts have concluded similarly. See Annot., 18 A.L.R.3d 259 (1968). What is required is consistency within individual counts and an ample evidentiary base for conviction, Gillars v. United States, *supra*, 87 U.S.App.D.C. at 20–21, 182 F.2d at 966–967, and those requirements are met here.

22. Any argument to the contrary would have to rest on the theory that appellant's acquittal of larceny necessarily entailed a jury finding negating an essential element of burglary. *Cf.* Travers v. United States, 118 U.S.App.D.C. 276, 280–281, 335 F.2d 698, 702–703 (1964). The inexorable involvement of such a finding is outlawed, however, by the judicially recognized fact that juries frequently convict on some counts but acquit on others, not because they are unconvinced of guilt, but simply because of compassion or compromise. See, *e. g.*, United States v. Dotterweich, *supra* note 21, 320 U.S. at 279, 64 S.Ct. 134; Dunn v. United States, *supra* note 21, 284 U.S. at 393–394, 52 S.Ct. 189; United States v. Carbone, *supra* note 21, 378 F.2d at 422–423. This consideration, we think, rather than the interpretation espoused by Judge Bazelon in his separate opinion herein, is the true basis of the rule permitting inconsistent but simultaneous verdicts to stand. See United States v. Carbone, *supra* note 21, 378 F.2d at 422–423; United States v. Vastine, *supra* note 21, 363 F.2d at 854–855. And we do not understand Ashe v. Swenson, 397 U.S. 136, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), to mean that one tried for two different but interrelated offenses at the same time must be convicted of both for a conviction of either to stand.

At the very most it connoted merely that he did not succeed in the attempt.

The judgment appealed from is

Affirmed.

BAZELON, Chief Judge (concurring):

The conclusion that inconsistency among jury verdicts on the several counts of a multi-count indictment is acceptable is based in large part upon the premise that such an inconsistency would be tolerated had each count been the subject of a separate indictment and trial. Dunn v. United States, 284 U.S. 390, 393, 52 S.Ct. 189 (1932). Had appellant been tried and acquitted both of petit larceny and attempted larceny, it is clear to me that Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed. 2d 469 (1970) would not allow a subsequent conviction for burglary to be sustained' upon evidence showing the larceny of which appellant had been acquitted. Similarly, if the jury in the present case had been charged with regard to attempted larceny and had returned a verdict of not guilty, I would believe the record squarely presented the question whether the rule of *Dunn* can survive the erosion of its premise in *Ashe*. However, instructions on attempted larceny were neither requested nor given, and on the evidence adduced the jury could well have found insufficient asportation to support a larceny charge even though they believed appellant intended to steal the cigarettes. That belief is not inconsistent with appellant's conviction of burglary. Accordingly, I join the opinion of the Court except insofar as it may imply that *Dunn* is unaffected by *Ashe*.