**UNITED STATES of America**

**v.**

**Joe Henry COOPER, Appellant.**

**No. 71–1317.**

United States Court of Appeals, District of Columbia Circuit.

Argued April 24, 1972.

Decided Nov. 8, 1972.

---

1. 111 U.S.App.D.C. 316, 296 F.2d 438 (1961).

2. Cf. Rule 38, Fed.Rules App.Proc., amended as of October 1, 1972.

Mr. Charles S. Vizzini, Washington, D. C., with whom Mr. Marvin R. Stern, Washington, D. C. (both appointed by this Court), was on the brief, for appellant.

Mr. James F. McMullin, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., at the time the brief was filed, John A. Terry and John G. Gill, Jr., Asst. U. S. Attys., were on the brief, for appellee. Mr. Harold H. Titus, Jr., present U. S. Atty, also entered an appearance for appellee.

Before WRIGHT, LEVENTHAL and ROBB, Circuit Judges.

PER CURIAM:

Appellant Cooper was convicted of burglary in the second degree in violation of 22 D.C.Code § 1801(b), and sentenced on that count to serve two to six years. The case for the Government was that Cooper, an employee at a warehouse, secreted himself in the building after it was closed for the day at about 4:10 p. m. and was an accomplice of other men who came to the building late at night and removed two vacuum cleaners and their attachments through a broken window. Cooper was arrested at 3:30 a. m. when he was found in the basement of the building, crouched down between two boxes. The two alleged accomplices were arrested just outside the building, hard by the broken window, with the vacuum cleaners. Cooper testified in his defense that he had got drunk during the day, had gone to sleep in the building and had slept until just before he was found by the police.

We reject appellant's various contentions [1] save one, the objection to the following instruction:

Now, as to the first element of the crime, that they broke and entered or entered without breaking, you will recall that the evidence concerning Joe Cooper was that he entered the premises of the warehouse for purposes of going to work in those premises. Clearly, this is not an unlawful breaking and entry at that time. However, you can find that this was an unlawful entry without breaking if you find beyond a reasonable doubt that when he entered in the morning, he had the intent to remain after closing and to commit a crime, namely to steal; or if you find beyond a reasonable doubt that after entering lawfully, he formed the intent to commit a crime, namely, to steal, and remained on the premises after closing time to carry out that purpose.

In our view the court erred in charging that the jury might find that there was an unlawful entry without breaking "if you find beyond a reasonable doubt that after entering lawfully

1. The appellant contends that the district court erroneously (1) denied his motion for severance, (2) permitted him to be impeached by a prior conviction for robbery, and (3) denied his motion for judgment of acquittal.

he formed the intent to commit a crime, namely to steal, and remained on the premises after closing time to carry out that purpose." The language of 22 D.C. Code § 1801(b) is in the footnote.[2] Under its plain wording, it is "crucial [that] the act of entering coincided, in point of time, with an intent, in the statutory language, 'to commit any criminal offense.' "[3] It suffices under the statute that the intent was to commit the misdemeanor of petty larceny.[4] Indeed we have gone so far as to say that the crime is established by entry with intent to steal, though that intent was conditional on locating property the offender desired to remove.[5] But the requirement of a criminal intent at the time of entry cannot be dispensed with altogether. The charge was therefore erroneous, and the conviction of burglary must be reversed. We do not consider whether one who enters a building lawfully and thereafter forms the intent to steal commits an unlawful entry, within the meaning of a burglary statute, if he enters a different room of the building with intent to steal. The instruction did not put the case to the jury on that basis.

If the burglary conviction were the only one before us, we would give consideration to the possibility that the jury had established defendant's guilt of the misdemeanor of violation of the unlawful entry statute, 22 D.C.Code § 3102, which applies to a "remaining" as well as "entry" without right,[6] and that this was a lessor included offense,[7] on which the District Court might enter a verdict and sentence assuming government acquiescence.[8] Since that would at most provide a six-month sentence, and appellant was given a concurrent sentence of one year for petit larceny, which we affirm, there is no point in pursuing that possibility.

The judgment on the petit larceny conviction is affirmed. The judgment on the burglary count is reversed, and the case remanded for a new trial.

So ordered.

2. (Supp. V 1972, as amended Dec. 27, 1967):

> Except as provided in subsection (a) of this section, whoever shall, either in the night or in the daytime, break or enter without breaking, any dwelling, bank, store, warehouse, shop, stable, or other building or any apartment or room, whether at the time occupied or not, or any steamboat, canalboat, vessel, or other watercraft, or railroad car or any yard where any lumber, coal, or other goods or chattels are deposited and kept for the purpose or trade, with intent to break and carry away any part thereof or any fixture or other thing attached to or connected with the same, or to commit any criminal offense, shall be guilty of burglary in the second degree. Burglary in the second degree shall be punished by imprisonment for not less than two years nor more than fifteen years.

3. United States v. Fox, 140 U.S.App.D.C. 129, 130–131, 433 F.2d 1235, 1236–1237 (1970).

4. Id.

5. United States v. Sinclair, 144 U.S.App. D.C. 13, 444 F.2d 888 (1971).

6. This would require an interpretation that the requirement of remaining after a "demand" to quit, reaches by construction a surreptitious remaining, which § 221.2 of the ALI Model Penal Code defines criminal trespass.

7. Compare United States v. Whitaker, 144 U.S.App.D.C. 344, 447 F.2d 314 (1971).

8. United States v. Whitaker, 144 U.S.App. D.C. at 352, 447 F.2d at 455; United States v. Huff, 143 U.S.App.D.C. 163, 169, 442 F.2d 885, 891 (1971). *See* Austin v. United States, 127 U.S.App. D.C. 180, 382 F.2d 129 (1967).