**UNITED STATES of America**

v.

**Dennis WARREN, John Lester Harris, Richard Warren and Halsey Norwood a/k/a Jose Woodruff.**

No. 81–11–CR–8.

United States District Court,
E. D. North Carolina,
Wilson Division.

March 24, 1982.

Lamar Armstrong, George Mast, Smithfield, N. C., James R. Fullwood, Raleigh, N. C., for defendants.

## ORDER

BRITT, District Judge.

Defendants, Dennis Warren, Richard Warren, and John Lester Harris, were indicted by a federal grand jury on one count of conspiracy to violate the civil rights of various individuals, which conspiracy resulted in the death of Robert Anderson; on four counts of holding certain persons to involuntary servitude; and on one count of kidnapping and carrying away an individual with the intention of holding him as a slave.[1] *See* 18 U.S.C. §§ 241, 1583, 1584 and 2 (1976). Defendants were tried by a jury in Raleigh, North Carolina. Defendants, Dennis Warren and John Lester Harris, were convicted of conspiring to violate the civil rights of certain individuals, which conspiracy resulted in the death of Robert Anderson. Richard Warren, on the other hand, was found not guilty of the conspiracy resulting in death but was found guilty of conspiring to violate certain persons' civil rights.[2] The jury also convicted Dennis Warren on two substantive counts, Richard Warren on one substantive count, and Harris on three substantive counts.

Sentencing was held before the undersigned United States District Court Judge, who presided at the trial, in New Bern, North Carolina. Harris received a life sentence on the conspiracy count and five-year sentences on each of three substantive counts, such sentences to run consecutively.

James L. Blackburn, U. S. Atty., Raleigh, N. C., for plaintiff.

1. Count one of the indictment charged Dennis Warren, Richard Warren and John Lester Harris with conspiracy to violate civil rights resulting in the death of Robert Anderson. Counts two and four charged Dennis Warren with willfully holding certain persons to involuntary servitude. Count five charged all three defendants with holding Harvey Rutherford to involuntary servitude. Count six charged Harris with kidnapping Joseph Simes with the intent to hold him as a slave. Count three was dismissed at the close of all the evidence.

2. The statute provides, in pertinent part, that:

> If two or more persons conspire to injure, oppress, threaten, or intimidate any citizen in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same;
>
> . . . . .
>
> They shall be fined not more than $10,000 or imprisoned not more than ten years, or both; and if death results, they shall be subject to imprisonment for any term of years or for life.

18 U.S.C. § 241 (1976).

Dennis Warren received a twenty-year sentence on the conspiracy count and five-year terms on each of two substantive counts, such sentences to run concurrently. Richard Warren received concurrent split sentences on both the conspiracy and substantive counts of imprisonment of six months and probation for five years. *See* 18 U.S.C. § 3651.

The matter is before this court on motion of the defendants for judgments of acquittal or, in the alternative, for new trials. Fed.R.Cr.P. 29, 33. The government and defendants have submitted briefs on these motions, and they are ready for ruling.

*Motions Based on Insufficient Evidence*

■ All defendants move the Court for judgments of acquittal or, in the alternative, for new trials on all counts based upon a lack of sufficient evidence to support the verdict. The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is whether, after considering "the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). The government produced substantial direct and circumstantial evidence at trial tending to prove the defendants' guilt of the offenses for which they were convicted. The Court remains firmly convinced that more than sufficient evidence existed to support the findings of the jury. The motions as to the conspiracy and substantive counts, based on insufficiency of the evidence, are denied.

*Motion Based on Conviction for Count not Charged in Indictment*

Defendant, Richard Warren, moves the Court for relief on the ground that he was convicted of a crime not charged in the indictment. Essentially, he asserts that the indictment charged a conspiracy to violate individuals' civil rights which resulted in the death of an individual. 18 U.S.C. § 241. The indictment did not charge, he claims, a conspiracy simply to violate civil rights. His argument is meritless.

■ The statute at issue proscribes conduct through which persons "conspire to injure, oppress, threaten, or intimidate any citizen in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States . . . ." *Id.* In fixing the punishment for such conduct, the statute provides for a fine of "not more than $10,000 or [imprisonment for] not more than ten years, or both; *and if death results* . . . imprisonment for any term of years or for life." *Id.* (emphasis added). Thus, in fixing the punishment for this crime, Congress created a situation which gives rise to a lesser included offense.

■ An instruction on a lesser included offense is proper "where some of the elements of the crime charged themselves constitute a lesser crime . . . ." *Sansone v. United States*, 380 U.S. 343, 349, 85 S.Ct. 1004, 1009, 13 L.Ed.2d 882 (1965), *quoting Berra v. United States*, 351 U.S. 131, 134, 76 S.Ct. 685, 687, 100 L.Ed. 1013 (1956). The offense charged in the indictment was a conspiracy with death resulting. Obviously, the conspiracy itself, even if the jury found that no death resulted from it, remains a crime proscribed by the statute.

■ Two requirements exist for a lesser included offense. First, all of the elements of the lesser offense must be necessary to sustain a conviction of the greater offense. Second, the jury must be required to find a disputed factual element to sustain a conviction for the greater offense which is not required for the lesser offense. *Id.* 380 U.S. at 350, 85 S.Ct. at 1009. Both criteria are satisfied here, since all elements of the conspiracy alone would necessarily be required to justify a conspiracy where death resulted. Likewise, the greater offense necessitates the jury's finding the factual element that death resulted to support a conviction for the greater offense, an element not required for conspiracy alone.

■ A defendant may be convicted of an offense necessarily included in the offense charged. Fed.R.Cr.P. 31(c). A conspiracy

to violate civil rights is clearly included in a charge of such a conspiracy in which death resulted. The instruction to the jury concerning the lesser included offense was appropriate. Since Richard Warren was not convicted of an offense not charged in the indictment, his motion for judgment of acquittal or new trial on that ground is denied.

*Motion Based on Inconsistency in Verdict*

■ Finally, all defendants move for judgments of acquittal or new trials on the ground that the jury returned inconsistent verdicts on the conspiracy count. Essentially, they argue that since the jury found Dennis Warren and Harris guilty of a conspiracy in which death resulted, while acquitting Richard Warren of that charge (but convicting him of the lesser included offense of the conspiracy), it found two conspiracies. Although this position may at first seem plausible, circumspection reveals its untenable character.

The indictment charged all three defendants with one, and only one, conspiracy: A conspiracy to violate various persons' civil rights, which conspiracy resulted in the death of Robert Anderson.[3] As noted previously, that charge necessarily included the lesser offense of a conspiracy to violate civil rights in which no death resulted. Evidence disclosed that a conspiracy occurred, and the jury found that the death of Robert Anderson resulted from that conspiracy as to Dennis Warren and Harris. Defendants' argument fails to establish that the evidence proved two conspiracies. *Contra Kotteakos v. United States,* 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946) [indictment charged one conspiracy but evidence established eight or more unconnected and distinct conspiracies]. An independent review of the evidence reveals proof of but one conspiracy. Given the absence of any variance between the conspiracy charged in the indictment and that proved at trial, no merit arises from defendants' claim of inconsistency as to Dennis Warren and Harris. Their motion on this ground is denied.

Defendants advance a corollary proposition: that the inconsistency among the verdicts as to the conspiracy charge renders all verdicts on that count infirm. Going beyond a claim of variance, this argument focuses on the idea that if only one conspiracy occurred, all members of it were equally responsible. The divergent verdicts on the conspiracy charge, therefore, suggested different degrees of culpability. Because of the novel situation presented by this case, a detailed explanation is appropriate.

The conspiracy statute involved herein provides for possible increased punishment if the trier of fact finds that death resulted from the conspiracy. Accordingly, the Court instructed the jury regarding the lesser included offense.[4] While this instruc-

---

**3.** Perhaps the government, had it chosen to do so, could have indicted the defendants together in separate counts for conspiracies to violate the civil rights of *each* of the *victims* [Robert Anderson, Craig Connors, Gordon Lambert, Alvin Rhodes, Harvey Rutherford, and Joseph Simes] with only one count having resulted in a death, to-wit, that involving Robert Anderson. Such speculation is beyond the scope of this inquiry.

**4.** The Court instructed the jury as follows:

However, if you find the defendant not guilty of the offense as charged in count one of the bill of indictment, you will then consider whether he is guilty of the lesser included offense of conspiring to injure, oppress, threaten or intimidate a citizen in the free exercise of his constitutional right to be free from involuntary servitude and slavery.

The law permits the jury to find the accused guilty of any lesser offense which is necessarily included in the crime charged in the indictment, whenever such a course is consistent with the facts found by the jury from the evidence in the case, and with the law as given in the instructions of the Court.

So, if the jury should unanimously find the defendant "not guilty" of the crime charged in count one of the indictment, then the jury must proceed to determine the guilt or innocence of the defendant as to any lesser offense which is necessarily included in the crime charged in count one.

Count one includes the lesser offense of a conspiracy in violation of Title 18 United States Code § 241.

The elements necessary for a conviction under this lesser included offense are exactly the same as for the offense as charged in

tion properly covers a situation involving a lesser included *substantive* offense, it allowed the jury to consider impermissibly the defendant Richard Warren's culpability as to a lesser included conspiracy. After having acquitted him of the conspiracy resulting in death, the jury deliberated on the issue of his involvement in the same conspiracy but without death resulting. Had the jury found that the conspiracy charged in the indictment did *not* result in the death of Robert Anderson, then it could properly have found any one—or all—of the defendants guilty of the lesser included offense.[5] A brief capsule of the law regarding conspiracies more clearly illustrates the error of this development.

■ Every member of a conspiracy is responsible for the acts of others done in furtherance of the conspiracy. *United States v. Martino*, 648 F.2d 367, 394 (5th Cir. 1981), *petition for cert. filed*, 50 U.S. L.W. 3423 (U.S. Nov. 13, 1981) (No. 81–907); *United States v. Snead*, 527 F.2d 590, 591 (4th Cir. 1975) (*per curiam*). Since only one conspiracy was, in fact, charged, all members of that conspiracy were responsible for its results. Hence, if, as to some co-conspirators, the conspiracy resulted in death, it must have resulted in death, ipso facto, as to all co-conspirators.

■ Under the Court's instructions, the jury initially considered whether each defendant participated in a conspiracy which resulted in the death of Robert Anderson.

As to Dennis Warren and Harris, the jury answered this question in the affirmative, as evidenced by the verdicts of guilty. Conversely, the jury found Richard Warren "not guilty" of this charge.

The problem arises, however, with the verdict rendered as to the lesser included offense. Logically, once the jury found a conspiracy resulted in death, there was no lesser included offense to consider.[6] The jury should never have considered the lesser included offense, once it determined that a conspiracy existed which resulted in death. With this logical inconsistency apparent on the face of the verdict, the Court now faces the prospect of solving the puzzle within the context of its inherent post-trial authority.

The government suggests that no problem exists, relying on the well-settled principle that consistency in a verdict is not required. *Dunn v. United States*, 284 U.S. 390, 393, 52 S.Ct. 189, 190, 76 L.Ed. 356 (1932). This simple explanation is insufficient in the instant action. Although a jury may properly render verdicts on some, but not all, counts of an indictment, *see Hamling v. United States*, 418 U.S. 87, 91–92, 100–01, 94 S.Ct. 2887, 2894–2895, 2898–2899, 41 L.Ed.2d 590 (1974), the problem is more acute involving logical inconsistency within a particular count of the indictment. "What is required is consistency *within individual counts* and an ample evidentiary base for conviction."[7]  *United States v.*

count one *except* that the element of a resulting death is eliminated.

**5.** In its charge, the Court did not consider the possibility of a verdict of "guilty" on the indictment as charged as to some—but not all—of the defendants vis-a-vis the lesser included offense as to those found not guilty of the offense as charged.

**6.** At the risk of oversimplification, only one conspiracy exists under the statute. *See* 18 U.S.C. § 241, *supra* n.2. Thus, that single conspiracy either did or did not result in the death of Robert Anderson. Whichever was the case, it was so for any and all members of the conspiracy. The jury should have been instructed to determine three things: (1) was there a conspiracy; (2) if so, who became members of the

conspiracy; and (3) did the conspiracy result in the death of Robert Anderson?

**7.** The government cites cases from all of the circuit courts of appeals. While all stand for the proposition that inconsistent verdicts are permissible, a factual analysis reveals distinctions in each case. The cases fall into two categories, either the inconsistency is among different counts, *see, e.g., United States v. Walker*, 653 F.2d 1343, 1351 (9th Cir. 1981), cert. denied, —— U.S. ——, 102 S.Ct. 1253, 71 L.Ed.2d 446 (1982); *United States v. Uzzolino*, 651 F.2d 207, 212–14 (3d Cir.), *cert. denied*, —— U.S. —— , 102 S.Ct. 327, 70 L.Ed.2d 166 (1981); *United States v. Previte*, 648 F.2d 73, 80–81 (1st Cir. 1981); *Arnold v. Wyrick*, 646 F.2d 1225, 1228 (8th Cir. 1981); *United States v. Jacobs.* 632 F.2d 695, 697 (7th Cir. 1980); *United States*

*Fox,* 433 F.2d 1235, 1238 n.21 (D.C.Cir.1970) (emphasis added). *See Gillars v. United States,* 182 F.2d 962, 966–67 (D.C.Cir.1950). A much different situation arises with apparent inconsistencies among different counts. *See United States v. Flowers,* 255 F.Supp. 485 (E.D.N.C.1966). There the Court stated that

> it is settled beyond cavil in the [f]ederal courts that verdicts on different counts of a single indictment returned by the same jury at the same time are valid even though they may be logically inconsistent. Though a conviction on one count may be inconsistent with acquittal on another, the verdict will be allowed to stand.

*Id.* at 487. The crucial factor becomes whether the inconsistency lies within a single count. Simply stated, a jury may render verdicts on different theories "so long as the offenses are not in conflict." *Fuller v. United States,* 407 F.2d 1199, 1225 (D.C. Cir.1968) (en banc), *cert. denied,* 393 U.S. 1120, 89 S.Ct. 999, 22 L.Ed.2d 125 (1969). As applied to the instant situation, the offenses are in conflict. Since the indictment charged and the evidence adduced at trial showed only one conspiracy, it either did or did not result in death-not both.[8]

The present situation displays that "rare case" where the "verdicts demonstrate that there was no legal basis for the jury's decision." *United States v. Uzzolino,* 651 F.2d 207, 213 (3d Cir.), *cert. denied,* —— U.S. ——, 102 S.Ct. 327, 70 L.Ed.2d 166 (1981).

Upon a review of the instructions to the jury with an eye to the practicalities of the facts produced at trial, *see Sealfon v. United States,* 332 U.S. 575, 579, 68 S.Ct. 237, 239, 92 L.Ed. 180 (1948), the inescapable conclusion emanates that the jury absolved Richard Warren of responsibility in the conspiracy which resulted in the death of Robert Anderson. Just as clearly, the jury found Dennis Warren and Harris participated in that conspiracy. After making these determinations, the jury impermissibly, through no fault of its own, proceeded to consider the lesser included offense as to Richard Warren. Attention now turns to ascertaining a remedy which rectifies that unwarranted deliberation.

Recognizing that an error at law appears on the face of the verdict, the Court desires to correct the error in the least intrusive manner. Defendants, Dennis Warren and Harris, demonstrate no prejudice to them evolving from the inconsistency among the verdicts on the conspiracy count. Indeed, they have suffered no prejudice. The jury, under proper instructions regarding a conspiracy to violate civil rights resulting in death, convicted both of them. Those convictions are proper, and they must stand.

The plight of Richard Warren creates some difficulty. Since the jury has acquitted him of the conspiracy resulting in death, a new trial poses no acceptable solution. At such a trial, he could only be prosecuted for the conspiracy alone.[9] If convicted, the

---

· *v. Berardi,* 629 F.2d 723, 729 (2d Cir.), *cert. denied,* 449 U.S. 995, 101 S.Ct. 534, 66 L.Ed.2d 293 (1980); *United States v. Dennett,* 551 F.2d 261, 262 (10th Cir. 1977); *United States v. Scheper,* 520 F.2d 1355, 1358 (4th Cir. 1975); *United States v. Fox,* 433 F.2d 1235, 1238 (D.C. Cir.1970), or it involved the conviction of one co-conspirator and the acquittal of another. *See, e.g., United States v. Cargo Service Stations, Inc.,* 657 F.2d 676, 685 (5th Cir. 1981); *United States v. Sandy,* 605 F.2d 210, 215–16 (6th Cir.), *cert. denied,* 444 U.S. 984, 100 S.Ct. 490, 62 L.Ed.2d 412 (1979). None of these cases address the essential question posed herein, dealing with logical and legal inconsistency among verdicts as to the same count of an indictment.

**8.** An analogous situation developed when a jury convicted a defendant of both smuggling marijuana into the United States and failing to pay a transfer tax on the same marijuana. In the former act, the marijuana must start *outside* the United States, while in the latter it must start at some point *in* the United States. Since the evidence disclosed an "uninterrupted movement into the United States of a single quantity of marijuana," convictions on both counts could not stand. *Marquez-Anaya v. United States,* 319 F.2d 610, 611–12 (5th Cir. 1963).

**9.** Double jeopardy principles bar reprosecution of Richard Warren for conspiracy resulting in death after his acquittal on that charge. U.S. Const., amend. V.

serious and perplexing question of inconsistent verdicts would remain, certainly in spirit if not in fact.

The most equitable remedy, given the totality of the facts and circumstances appearing herein, is to grant Richard Warren a judgment of acquittal. *See* Fed.R.Cr.P. 29(c). His motion for that relief as to count one is allowed. The appellate courts remain free to reinstate the conviction should further analysis make such judgment appropriate. *United States v. Wilson*, 420 U.S. 332, 352, 95 S.Ct. 1013, 1026, 43 L.Ed.2d 232 (1975).

### CONCLUSION

The fact-finding authority remains the sole province of the jury. Only in circumstances of evidentiary insufficiency or legal impossibility should the courts tread on this hallowed ground. Ever mindful of Justice Holmes' recognition that "the jury has the power to bring in a verdict in the teeth of both law and facts," *Horning v. District of Columbia*, 254 U.S. 135, 138, 41 S.Ct. 53, 54, 65 L.Ed. 185 (1920), the decision to invade that province today is, although prompted by legal necessity, undertaken reluctantly. Often the most steadfastly held principles must yield to what is just.

Therefore, the motion of Richard Warren for a judgment of acquittal as to the conspiracy count is allowed. All other motions involving any or all of the three defendants are denied.

SO ORDERED.