P.W. (Bill) PETTERSON, d/b/a Ewing Real Estate, Respondent,

v.

Robert BROWN and Carolyn Brown, d/b/a Brown's Real Estate, Appellants.

No. WD 35003.

Missouri Court of Appeals, Western District.

June 4, 1985.

Case Transferred Dec. 27, 1984.

Case Retransferred May 15, 1985.

R. Max Humphreys, Trenton, for appellants; Miller, Humphreys & Seidel, Trenton, of counsel.

Wilbur L. Pollard, Patrick Beeman and Kenneth Hensley, Kansas City, for respondent; Norton, Pollard & Norton, Kansas City, of counsel.

Before PRITCHARD, P.J., and SOMERVILLE and KENNEDY, JJ.

PRITCHARD, Presiding Judge.

In Count I of plaintiff's second amended petition, Robert G. Wilson was sued for a 5% real estate commission on the sale of Wilson's 410 acre farm in Daviess County, Missouri, alleged to have sold by Wilson to an Indiana Corporation owned and controlled by one Ben Rexing, to whom the farm had been shown by plaintiff. Plaintiff alleged that the farm was sold by Wilson to Rexing for $943,000, as a direct result of plaintiff's efforts, thus entitling him to a $47,150 real estate commission. Upon submission of the Count I claim to a jury, verdict was returned for Wilson and against plaintiff. No appeal was taken by plaintiff from the judgment on the verdict as to Count I, and it has therefore become final.

Plaintiff sued the Browns in Count II of the second amended petition for his loss of $47,150 real estate commission, and for punitive damages, occasioned, allegedly, by their tortiously causing Wilson to breach his contract with plaintiff. The jury returned a verdict for $15,000 actual and $5,000 punitive damages for plaintiff against the Browns. The court sustained the motion for judgment N.O.V. as to punitive damages and set it aside, but left standing the verdict of $15,000 actual damages. The Browns appealed the $15,000 judgment, and plaintiff appealed from the judgment setting aside the punitive damage award. The appeals have been consolidated in this court.

Pursuant to plaintiff's theory against Wilson in Count I, the court gave Instruction No. 7: "Your verdict must be for plaintiff if you believe:, First, plaintiff was a licensed real estate broker, and Second, plaintiff and defendant Robert G. Wilson agreed that plaintiff should receive 5% of the sale price of defendant's property as commission if defendant's property was sold as a result of plaintiff's efforts, and Third, defendant Robert G. Wilson sold the property as a result of plaintiff's efforts." As noted, the jury returned a verdict in favor of Wilson on this submission.

As to the Count II claim against the Browns, Instruction No. 10 was given: "Your verdict must be for plaintiff if you believe: First, a contract existed between plaintiff and defendant Robert G. Wilson which was breached by defendant Wilson, and Second, defendants Robert Brown and Carolyn Brown caused defendant Wilson to breach his contract with plaintiff and

Third, defendants Brown did so intentionally and without justification or excuse, and Fourth, plaintiff was thereby damaged."

The allegation and the submission in Instruction No. 10 sound in tort for interference with the alleged contract right of plaintiff with Wilson for a commission if plaintiff was the procuring cause, through his efforts, of the sale of Wilson's farm. The elements for tortious interference of contract are set forth in *Smith v. Standard Oil, Division of Amoco Oil Company*, 567 S.W.2d 412, 417[5, 6] (Mo.App. 1978), quoting *Tri-Continental Leasing Co. v. Neidhardt*, 540 S.W.2d 210, 212 (Mo. App.1976): " '1) that a contract was in existence; 2) that the defendant had knowledge of the contract; 3) that the defendant induced or caused the breach of the contract; 4) that the defendant's acts were not justified; and 5) *that the plaintiff thereby suffered damages.* '" [Italics added.] What the jury has done here, in effect, is to find that plaintiff was not the procuring cause of the sale of Wilson's farm, and therefore he was not entitled to a commission, hence, there were *no damages* or loss to plaintiff. Thus, any acts on the part of the Browns in procuring the sale of the farm and receiving the commission therefor could not have resulted in any loss to plaintiff since by the jury's verdict, he was not entitled to a commission. See 45 Am. Jur.2d Interference, § 6, p. 284. The verdicts are therefore inconsistent, and the verdict against the Browns cannot stand. Note also the submission in Instruction No. 10 that Wilson breached his contract with plaintiff (caused by the Browns). If, as the jury must have found, the sale was not made through plaintiff's efforts, Wilson was not guilty of any breach. The two verdicts are also inconsistent because of the first, finding no breach, and the second which obviously found a breach caused by the Browns. In 76 Am.Jur.2d Trials, § 1154, p. 122, consistency of verdicts is touched upon, and it is said, "It is only when a judgment rests on some particular finding for its validity and support that the

contradictoriness between two findings treating of the same essential matter will necessitate a reversal." This is precisely the situation here.

The case of *Ross v. Holton*, 640 S.W.2d 166 (Mo.App.1982), although distinguishable on its facts and jury findings, has language bearing upon the issue here. There, the jury found for Ross against Holton for breach of his contractual obligation, and *also* against Maisel for breaching his duty not to interfere with Ross's contract property rights. The problem there was that the two damage instructions allowed double recovery for Ross, the court holding that the defendants' liability was joint and several on the two claims, and the court erred in submitting two damage instructions under MAI 4.01, when only one should have been given (a problem not present here, where the jury found for Wilson under the breach of contract claim). The court said, though, at page 173[8], "While the causes of action in this case involve separate and distinct wrongful acts committed by different parties, there are important commonalties which affect the damages question. *The nexus between the two causes of action is the breach of the contract, for as indicated earlier, breach of the contract is an element of both causes of action. This is the element from which the injured party's actual damages flow on both the contract and tort claims.* This does not mean, however, that the measure of actual damages on both causes of action are coextensive." [Italics added.] See Anno. "Contract Interference—Realty Brokers", 34 ALR 3d 720, 736, § 10. See also *Hurst v. Town of Shelburn*, 422 N.E.2d 322 (Ind.App.1981), where a jury's verdict indicated there was no breach of the Town's contract with Hurst, and hence there was no liability to Hurst by Midwestern for interference with that contract; *Torrey Delivery, Inc. v. Chautauqua Truck Sales and Service, Inc.*, 47 A.D.2d 279, 366 N.Y.S.2d 506, 511[11] (1975), holding that a merger of a corporate owner of leased premises with

another corporation was not a sale which would give a right of first refusal to the tenant, and there was no breach of the sale option provision in the lease, saying, " 'An essential element of the * * * (cause of action [for tortious-interference with the contractual right] ) * * * is the breach of the contract * * * (The) cause of action must fail if there was no such breach.' " [Brackets added.]; and *Beacon Syracuse Associates v. City of Syracuse,* 560 F.Supp. 188, 202[19] (N.D.N.Y.1983).

Since the jury has found that Wilson did not breach his contract with plaintiff, his verdict on Count II against the Browns cannot stand. Because of the disposition of this appeal, there is no necessity to consider the Browns' first contention that they were the procuring cause of the sale of Wilson's farm.

In view of the fact that there were no damages to plaintiff, the order of the trial court in setting aside the award of punitive damages must be affirmed. *Landum v. Livingston,* 394 S.W.2d 573, 578 (Mo.App. 1965).

The judgment for plaintiff against the Browns is reversed. The judgment denying plaintiff punitive damages is affirmed.

SOMERVILLE, J., concurs.

KENNEDY, J., dissents in separate dissenting opinion filed.

KENNEDY, Judge, dissenting.

I dissent.

Here is a case where a real estate broker, claiming it was he who was entitled to a sales commission for selling a farm, brings suit against the seller for the commission of $47,150.

In a separate count, the plaintiff real estate broker brings suit against a second real estate broker, who claimed to be entitled to the commission and to whom the seller had actually paid the commission, for damages for tortious interference with a contractual relationship.

After a trial the jury returned a verdict for the seller and against the plaintiff real estate broker, but returned a verdict for the plaintiff real estate broker against the defendant real estate broker for $15,000 damages.

The second real estate broker appeals from the judgment based upon the verdict for the plaintiff real estate broker and against them. That is the only verdict we have before us, for plaintiff real estate broker did not appeal from the judgment based upon the verdict in favor of the seller.

Now the principal opinion holds that the verdict we have before us must be set aside because it is inconsistent with the verdict we do not have before us. The opinion does not undertake to determine—as it could not, of course, so long as there was evidence which would support both verdicts—which verdict was right and which was wrong. How this court can divine that the jury was wrong on the verdict we have before us and right on the other verdict the opinion does not undertake to explain.

Presumably, if inconsistency is the key, we would reverse both of them if we had them both before us. But they would still be inconsistent.

The foregoing shows what kind of difficulty we get into with the rule that inconsistent verdicts are mutually destructive. A far better rule is the rule which is firmly established in this state in criminal cases, which is that inconsistency of verdicts on different counts is no ground for reversal. The only question is whether there is sufficient evidence to support the submission and the verdict. Under a general verdict system, there is no way to go behind the verdict to inquire into the reasons which move the jury to return one verdict on one count and an inconsistent verdict on another count. In *State v. McCall,* 602 S.W.2d 702, (Mo.App.1980), Judge Pudlowski wrote:

However, when the verdicts on two counts are inconsistent, a reversal is not

required. *State v. Jones*, 545 S.W.2d 659, 667 (Mo.App.1976), citing *State v. Amerson*, 518 S.W.2d 29, 33 (Mo.1975). It has been stated:

> Consistency in the verdict is not necessary. Each count in an indictment is regarded as if it was [sic] a separate indictment....

> . . . .

> That the verdict may have been the result of compromise, or of a mistake on the part of the jury, is possible. But verdicts cannot be upset by speculation or inquiry into such matters. *Dunn v. United States*, 284 U.S. 390, 393–94, 52 S.Ct. 189, 190–191, 76 L.Ed. 356 (1932). See also *State v. Larkins*, 518 S.W.2d 131, 137 (Mo.App.1974).

> However much the jury's conclusion may tax the legally trained's penchant for consistency, the law is clear that inconsistent verdicts among the varied charges of a multi-count indictment are not self-vitiating. *United States v. Fox*, 433 F.2d 1235, 1238 (D.C.Cir.1970). Further, juries frequently convict on some counts and acquit on others, not because they are unconvinced of guilt but simply because of compassion or compromise. Id. at 1238 n. 22.

602 S.W.2d at 708.

I have written as if the effect of inconsistent verdicts in civil cases were an open question in Missouri, but I believe the case of *Page v. Hamilton*, 329 S.W.2d 758 (Mo. 1959) adopts a rule in civil cases like the one that prevails in criminal cases. There the jury had returned a verdict for a plaintiff injured in an automobile accident, against both of two defendants. They also returned a verdict for a cross-claiming defendant against the second defendant. The verdicts were inconsistent in that the verdict for plaintiff against the cross-claiming defendant required a finding of negligence of that defendant, which finding would foreclose his recovery against his co-defendant. The trial court had set aside *both verdicts* on the ground of their inconsistency and had ordered a new trial. The Supreme Court reinstated the verdicts. After a lengthy discussion on the subject, Judge Storckman concluded:

> If the same general verdicts had been returned in separate trials of plaintiff's action and defendant Crowe's cross-claim under the instructions before us, there could not be any legal inconsistency; that is, no inconsistency justifying setting either or both of the verdicts aside. We believe it is the intent and purpose of section 509.460 [now Rule 55.32(f)] to permit to be done in one trial that which could be accomplished in separate trials. This does not deprive the court, on its own or a party's motion, ordering separate trials in proper cases. There was no such motion or objection to the submission in the present case. We believe the better rule to be that where separate causes of actions are joined under the permissive authority of section 509.460 and tried together, a general verdict will not be held to be fatally defective for inconsistency unless there is error in the pleading, proof or submission of the actions.

329 S.W.2d at 767. See also to like effect *Rinker v. Ford Motor Company*, 567 S.W.2d 655, 659–660 (Mo.App.1978).

I see no reason that the principle so announced was intended to be confined to cross-claims under what is now Supreme Court Rule 55.32(f). It would apply as well to permissive joinder of claims, as the plaintiff did here in joining the seller and the other real estate broker under Rule 52.05.

It is very likely that the jury, their minds untrammeled by abstruse legal learning, reasoned as follows: "Under these instructions we should return a verdict for the plaintiff against the seller for the real estate commission. But the seller has already paid a commission of $47,150 to the other real estate broker, and he should not

have to pay any additional amount. So we will let him off the hook. The one who should pay the plaintiff is the other real estate broker, who collected the commission. We will give the plaintiff a verdict against him for a $15,000 share of the commission as damages."

I have not reached the more serious (in my view) question whether the plaintiff made a submissible case against either defendant, an issue which would have to be ruled if the judgment were not reversed on the inconsistency of verdicts point.