STATE of Missouri, Respondent,

v.

Santos GARCIA, Appellant.

No. 49013.

Supreme Court of Missouri.

Division No. 2.

June 11, 1962.

No attorney of record.

Thomas F. Eagleton, Atty. Gen., Howard L. McFadden, Asst. Atty. Gen., Jefferson City, for respondent.

STORCKMAN, Judge.

The defendant was convicted of the offense of forcible rape and was sentenced to ten years in the custody of the Department of Corrections in accordance with the jury's verdict. His motion for new trial was overruled and he appealed. The defendant was represented throughout his trial by court-appointed counsel. After the transcript of the record on appeal was filed in this court, the attorney was called into the Armed Forces and was permitted to withdraw as the defendant's attorney. Thereafter, the defendant was granted leave to file a brief within thirty days after submission of the case but none was filed. Therefore, the appeal is before us on the transcript of the record and the state's brief.

Our review of the case will be on the specifications of error properly preserved in the defendant's motion for a new trial.

There was substantial evidence to prove these essential facts: The prosecutrix was a seventy-year-old woman who occasionally worked in a tavern on South Broadway in the City of St. Louis while the owners, who were husband and wife, were away tending to their personal affairs and other business. The tavern consisted of two rooms connected by a door of ordinary width. The main room in which the bar was located was adjacent to the street; the back room was used primarily as a kitchen. The kitchen also had an outside door which was kept locked.

On February 27, 1961, the prosecutrix opened the tavern at about 1:30 p. m. Shortly thereafter the defendant and a companion (identified only as Joe) entered the tavern and took seats at the bar; the defendant ordered and was served a bottle of beer and Joe took a glass of beer. The defendant requested that the prosecutrix cash a $25 check which she refused to do. After consuming their drinks, the defendant and Joe left the tavern but returned in about a half an hour and each ordered and was served another drink. The defendant again sought to have his check cashed and the prosecutrix again refused. Shortly thereafter Joe left the tavern and the prosecutrix was alone with the defendant.

The defendant then renewed his attempt to get the prosecutrix to cash his check and when she again refused he came around behind the bar. He got behind the prosecutrix, grabbed her around the waist and began pushing and shoving her towards the kitchen. The prosecutrix screamed and tried to escape from the defendant by holding onto the bar and pulling herself away. The defendant jerked her away from the bar and forced her into the kitchen. There she tried to escape through the outside kitchen door but was unable to open it. By this time the prosecutrix was "all out of breath". The defendant shoved her into a position facing the sink, pulled up her dress from the back, and inserted his penis in her rectum. She continued to protest and struggle but could not escape. The defendant then turned her away from the sink and forced her face downward onto a table and pulled her dress up and her pants down. While she was in this position, he stood behind her and inserted his penis in her vagina and had a discharge. Thereafter the defendant and the prosecutrix returned to the main barroom and the defendant again insisted that she cash his check. When she refused to do so, he came behind the bar and opened the cash register; she pushed it shut. He reopened the cash register, took out some money, and again grabbed the prosecutrix and shoved her into the back room. He again forced her over the table in the same manner as before and again inserted his penis in her vagina.

When they returned to the barroom, the defendant wrote on a piece of paper, "I, Tony Garcia did not rape you," and on the other side of the same paper, "I Tony Garcia, did not take money out of the cash register". He directed the prosecutrix to sign the paper and when she refused to do so he threatened to take her in the back room and commit further assaults on her. She then signed the paper using her maiden name; the defendant took possession of the paper and she never saw it again. The defendant then left the tavern saying that he would be back tomorrow. When the defendant was gone, the prosecutrix locked the tavern and went to a nearby street corner and awaited the return of the owners who lived above the tavern. They returned about 6:30 p. m. and the prosecutrix told the wife what had happened. The wife told her husband and he notified the police. The prosecutrix was taken to a hospital for examination and then to the police station. She testified at the trial that she did not call the police directly because she did not want them to come to her home because she had a daughter who was mentally ill. At the trial the prosecutrix identified the defendant as her assailant. She also identified a pair of under-

pants, which was Exhibit 2, as the ones she had on and which were torn on the day in question. A serologist testified that she ran tests which disclosed that there was seminal fluid on the underpants. On the morning following the assault, members of the St. Louis Police Department went to the defendant's residence to arrest him but he was not there. They returned two or three times but were unable to locate him. About two weeks after the happening, the defendant was arrested in Baytown, Texas, and was returned to St. Louis.

■ The defendant did not testify nor offer any evidence. He moved for a directed verdict of acquittal which was overruled. The evidence was sufficient to sustain the charge of forcible rape as alleged in the information, and the court properly overruled the defendant's motion for a directed verdict. Sections 546.330 and 559.260 RSMo 1959, V.A.M.S.; State v. McMillian, Mo., 338 S.W.2d 838; State v. Chandler, Mo., 314 S.W.2d 897.

■ Four of the specifications of error in the motion for new trial are insufficient to preserve anything for review. Supreme Court Rule 27.20, V.A.M.R., provides that the motion for new trial must set forth in detail and with particularity the specific grounds or causes therefor. See also Section 547.030 RSMo 1959, V.A.M.S. The following allegations of the motion for new trial fail to comply with the rule in that they are not sufficiently definite to preserve anything for review: The verdict and judgment in this case are against the weight of the evidence, against the greater weight of the evidence, and against the concrete and substantial evidence, and the verdict is the result of bias and prejudice on the part of the jury. State v. Roberts, Mo., 332 S.W.2d 896, 898. Accordingly they will be disregarded.

■ State's Exhibit 1 was a scale drawing or plat of the premises where the tavern was located. It was identified by a trained police officer who prepared it but was not formally introduced in evidence although it was exhibited to the jury. The motion for new trial charges that the exhibit was not properly identified and was otherwise inadmissible in evidence. The defendant made no objection of any kind to Exhibit 1 and expressly stated that he had no objection to it. This leaves nothing for us to review.

■ The motion for new trial next asserts that the court erred in permitting Ruth McKnight, a serologist, to testify to the existence of certain chemical elements found on Exhibit 1 because the witness was incompetent and her testimony was highly prejudicial. Obviously, Exhibit 2 was intended which were the underpants of the prosecuting witness and we shall so treat the specification. The prosecutrix had previously identified Exhibit 2 as the underpants she was wearing at the time of the offense charged and which were torn. The exhibit was properly identified and admitted in evidence. State v. Terry, Mo., 325 S.W. 2d 1, 6–7[9].

■ The witness, Ruth McKnight, testified that she was employed by the St. Louis Police Laboratory as a serologist; that she had been engaged in this type of work for about 25 years and had had direct training and had worked personally with Dr. Gradwohl when he was director of the St. Louis Police Department Laboratory. The defendant objected to her competency on the ground that she had "no type of degree at all". There was further testimony as to the nature and extent of her work and experience. The court then ruled that it was unnecessary for her to have a degree and that her qualifications were sufficient. The court did not err in overruling the objection.

■ Next the defendant charges that the trial court erred in making improper comment upon the evidence during the final arguments and in remarking to the jury what the evidence was, and that the court's remarks invaded the province of the jury and prevented the defendant from having

a fair trial. The motion contains no specification of any particular comment or remarks by the court and we have been unable to find any in the portion of the argument set out in the transcript to which the ground can be said to refer. The responsibility is upon the defendant of preparing and filing in the reviewing court a proper transcript on his appeal. S.Ct. Rule 28.08, V.A.M.R.; State v. Sarkis, Mo., 313 S.W. 2d 723, 727[9]. Allegations in the motion for new trial do not prove themselves and must find support in the transcript of the record. State v. Smith, Mo., 298 S.W.2d 354, 355–356[2]; State v. Whitaker, Mo., 312 S.W.2d 34, 37[2]. The assignment is denied.

■ Next the defendant charges that the court erred in not granting a mistrial when the assistant circuit attorney during the closing argument made a statement to the effect that the prosecutrix took care of her demented daughter. In explaining why she did not call the police immediately, the prosecutrix testified that she did not "want them to come to my house on account of my daughter, she is a mental case, and she has been in St. Vincent's Hospital. The defendant made no objection to this testimony. In commenting on the character of the prosecutrix during the closing argument, the assistant circuit attorney referred to her as a woman who helps out a friend by working in a tavern, who has a demented daughter, and who is too afraid and embarrassed to call the police. Defendant objected on the ground that "there is no evidence of that" and the objection was overruled. The error specified in the motion for new trial is that the statement of the assistant circuit attorney was outside the record, was assuming something not in evidence, and that the statement was made for the sole purpose of prejudicing the rights of the defendant. The specification of error is not well taken. The evidence was sufficient to justify an inference that the prosecutrix took care of her daughter who was mentally ill, and we cannot say on the whole record that the argument was prejudicial.

■ The defendant further contends that the court erred in permitting the circuit attorney to comment upon the failure of the defendant to testify, in allowing the prosecutor not only to point a finger directly at the defendant, but also to refer to the fact that the evidence of the state was uncontradicted and undisputed, and that the court, therefore, should have granted a mistrial requested by the defense counsel. A defendant may testify but is not required to do so. If he does not avail himself of his right to testify, his failure to do so may not be commented upon by the state's attorney. S.Ct. Rule 26.08, V.A.M.R.; Section 546.270 RSMo 1959, V.A.M.S. A comment by the state's attorney that the state's evidence is uncontradicted or undisputed does not violate a defendant's rights under the rule and the statute. See State v. Hardy, 365 Mo. 107, 276 S.W.2d 90, 95 [8]; State v. Varner, Mo., 329 S.W.2d 623, 633 [18]. There is nothing in the record to support the other specifications and they cannot be considered.

■ Finally the defendant contends that Instruction No. 1 is vague, incompetent, indefinite and inaccurate, and that it makes no reference to the necessity of penetration, an essential element of the crime. This instruction is in a form which has been frequently approved. The definition of the terms used in the instruction states that the term "sexual intercourse" as used in these instructions requires that the female organ of the prosecutrix must have been penetrated by the penis or the male organ of the defendant to some extent and that the jury must so find beyond a reasonable doubt. The element of penetration was sufficiently covered. The instruction is one which has been held in form and substance to embody the essential elements of the statutes and to be a proper declaration of the law. See State v. Johnson, 316 Mo. 86, 289 S.W. 847, 851 [9, 10]; State v. Cottengim, Mo., 12 S.W.2d 53, 57 [8–10]. The claim of error is denied.

We have considered all of the specifications of error contained in the motion for new trial and find them to be without merit. We have also examined the parts of the record and entries designated in S.Ct. Rules 28.02 and 28.08 and find them to be proper in form and free from error. Accordingly the judgment is affirmed.

All of the Judges concur.