STATE of Missouri,
Plaintiff-Respondent,

v.

Irma HOELTING, Defendant-Appellant.

No. 37680.

Missouri Court of Appeals,
St. Louis District,
Division One.

Jan. 24, 1978.

Motion for Rehearing and/or Transfer
Denied March 10, 1978.

Application to Transfer Denied April
10, 1978.

Shaw, Howlett & Schwartz, Robert M. Meyers, Clayton, for defendant-appellant.

Jess L. Mueller, Pros. Atty., Lincoln County, Troy, for plaintiff-respondent.

McMILLIAN, Judge.

Defendant Irma Hoelting appeals from a judgment entered on a jury verdict in the circuit court of Lincoln County finding her guilty of supplying intoxicating liquor to a minor. § 311.310, RSMo 1969. The trial court sentenced defendant to pay a fine of $850.00. On appeal, defendant does not challenge the sufficiency of the evidence and therefore a recitation of the facts of the trial is unnecessary.

For reversal defendant argues first, that the court lacked jurisdiction to the cause because the information did not properly charge a criminal offense in that it did not charge the defendant with selling intoxicating liquor to a minor. Secondly, that the court committed prejudicial error when it permitted the state to introduce evidence that the liquor contained in the bottle was, in fact, intoxicating. Thirdly, that the trial court committed prejudicial error in the submission of Instruction No. 5 in that it did not carry a general converse instruction as required by MAI–CR 2.04 and the notes following. For the reasons discussed below, we affirm the judgment.

Defendant's first two arguments concern basically the same issue, that is, whether the information was sufficiently clear so as to properly charge the defendant with a crime. The information states that defendant ". . . did then and there unlawfully, wrongfully, willfully supply intoxicating liquor, to-wit: a 12 oz. bottle of labeled Budweiser 5% beer, to a person under the age of 21 years . . . ." Defendant claims that the information is defective in that it merely charges the selling of a bottle, rather than a bottle of intoxicating liquor. Therefore, proof of such a charge is claimed to be inadmissible.

The purpose of an information is to inform the defendant of the nature and cause of the accusation made against him. The information must be sufficient to inform the accused of this matter so that he may understand the charge and adequately prepare his defense. Art. I, § 18(a), Missouri Constitution; *State v. Fletcher*, 512 S.W.2d 253, 255 (Mo.App.1974) and 42 C.J.S. Indictments and Informations § 90. The information in this case is sufficiently clear. The information clearly states that the defendant did supply intoxicating liquor, and further goes on to enumerate the exact item which is alleged to be the intoxicating liquor, that being Budweiser five percent beer.

Appellant's third argument does have merit in that the state did leave out the general converse to Instruction No. 5 which should have read, "However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of the foregoing, you must find the defendant not guilty of that offense." Such a general converse is mandatory under MAI–CR 2.04. *State v. Knox*, 529 S.W.2d 455, 463 (Mo.App.1975). However, appellant fails on two grounds: first, appellant failed to set forth in full in the argument portion of the brief the jury instruction given erroneously. Such is mandated by Rule 84.04(e), and is grounds for affirmation under Rule 84.08. Thus, appellant would fail on this ground as the point has not been preserved for appeal. *State v. Rantz*, 546 S.W.2d 200, 201 (Mo.App.1977); *State v. Larkins*, 518 S.W.2d 131, 135 (Mo.App.1974). Secondly, although there is error in Instruction No. 5, this error does not constitute prejudicial error requiring reversal of the conviction. The trial court's Instruction No. 6 converses the elements of the state's verdict director and cures any error. A similar situation was presented in *Knox*, supra, where the state omitted the general converse paragraph from the verdict director. In *Knox*, likewise, a separate converse instruction was given. Here the court held that the converse instruction cured the error resulting from the omission in the verdict director. We hold likewise.

The judgment of the trial court is affirmed.

CLEMENS, P. J., and SMITH, J., concur.