STATE of Missouri, Respondent,

v.

Burdell McCALL, Appellant.

No. 40259.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 25, 1980.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 20, 1980.

Application to Transfer Denied
Sept. 9, 1980.

Thomas C. Mummert, III, Huck & Kasten, Inc., Joseph Webb, Asst. Public Defender, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Michael P. Donegan, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

PUDLOWSKI, Judge.

■ Burdell McCall was charged with the first degree murder of Marie Winchester in violation of § 565.003, RSMo Supp. 1977,[1] with the first degree robbery of Marie Winchester in violation of § 560.120, RSMo 1969[2] and with armed criminal action against Marie Winchester in violation of § 559.225, RSMo Supp.1976.[3] A substi-

tute information in lieu of indictment was filed. The jury found McCall guilty of manslaughter on Count I, first degree robbery on Count II and armed criminal action on Count III. He was sentenced to ten years for manslaughter, twenty-five years for robbery in the first degree and five years for armed criminal action—each to be served consecutively.

Defendant claims the court erred by failing to grant defendant's motion for mistrial because of juror misconduct. Defendant alleges he overheard two jurors discussing his guilt before the cause was submitted to the jury. He further states that he was prejudiced because one of the accused jurors was questioned on the stand in front of the defendant, so that the defendant was placed in the position of accusing a juror of misconduct causing that juror to be prejudiced against him.

■ It is the duty of jurors not to converse among themselves or to form or express any opinion about the case until the cause is finally submitted to them. § 546.-230, RSMo 1969; MAI–CR No. 1.08(a). If juror misconduct takes place during the course of a felony trial and before the jury's retirement for deliberation, the verdict must be set aside unless the state sustains its burden of showing a lack of improper influence. *State v. Jones*, 363 Mo. 998, 255

---

1. The information purported to charge McCall with first degree murder in violation of § 559.-007, RSMo Supp.1975. However on May 26, 1977, § 559.007, RSMo Supp.1975 was repealed and § 565.003, RSMo Supp.1977, defining murder in the first degree became effective. L.1977 H.B. 90 §§ A, 2. The homicide occurred on August 6, 1977—a little over two months after § 565.003 RSMo Supp.1977 became the first degree murder statute. A close scrutiny of the wording of §§ 559.007 and 565.003 reveals they are so substantially identical so as to be the same statute. Appellant did not raise the point that he was convicted for a nonexistent offense in violation of Mo.Const. Art. I, §§ 10, 17 and 18(a) and in violation of the due process clause of the fourteenth amendment to the United States Constitution.

It has been stated that an indictment or information need only allege the language of the statute to be sufficient. *State v. Kirk*, 510 S.W.2d 196 (Mo.App.1974). Nor will a mere

clerical error vitiate an information. *State v. Bockman*, 348 Mo. 656, 154 S.W.2d 781 (Mo. 1941). For an information to be sufficient it must inform the accused of the charges against him so that the accused may understand the charges and adequately prepare his defense. *State v. Hoelting*, 562 S.W.2d 703 (Mo.App. 1978).

Because the wording of §§ 559.007 and 565.-003 is so substantially identical so as to be the same statute and because the information lists each and every element of first degree murder as defined in § 565.003, RSMo Supp.1977, appellant's constitutional rights were not violated as he had adequate notice of the charges against him so as to enable him to prepare any meaningful defense he may have had.

2. Now defined at § 569.020, RSMo 1978.

3. Now defined at § 571.015, RSMo 1978.

S.W.2d 801 (Mo.1953); *State v. Mullen*, 528 S.W.2d 517 (Mo.App.1975).

█ Defendant has failed to meet the required first prong of this two-prong test. He failed to show juror misconduct. Defendant's assertion that he overheard two jurors discussing his case before the case had gone to the jury raised a question of fact. This question of fact was to be determined by the court. Defendant furnished, along with his testimony, the affidavits of several prisoners, namely, Melvin Leroy Tyler, McKinley Robinson and Gary Riley, who allegedly overheard the conversation. In addition a deputy sheriff and one of the accused jurors were called to testify. The resolution of the question turned on who was to be believed. It is not for this court to determine the credibility of witnesses. *State v. Williams*, 376 S.W.2d 133 (Mo.1964). That is the function of the trial court who is in a better position to observe the demeanor of the witnesses. The trial court did not believe the defendant. The trial court's findings are supported by substantial and competent evidence. Not only did the accused juror deny talking about the case, but her responses to the questions propounded by the court, the prosecutor and defense counsel, revealed no internal inconsistencies in her testimony.

█ Defendant claims that because one of the jurors accused of misconduct was questioned in front of him that juror was poisoned against him. Yet there is no evidence in the transcript to support this allegation. The determination of prejudice on the part of a juror is within the sound discretion of the trial court. *State v. Mullen.* An appellate court may overturn the denial of a motion for mistrial only when it finds a clear abuse of discretion. *State v. Carlos*, 549 S.W.2d 330 (Mo. banc 1977); *State v. Schlagel*, 490 S.W.2d 81 (Mo.1973). Because there is no evidence that the juror was poisoned against the defendant, we are unable to find an abuse of discretion.

Defendant's second contention is that the court erred by failing to grant defendant a mistrial due to the prosecutor's references to defendant's failure to testify. The prosecutor told the jury in closing arguments:

The burden of proof is on the state of Missouri and the burden of proof does not shift. I will agree with that. But keep this in mind—the state presented sixteen witnesses and one or two stipulations and then the state rested its case. At that point Mr. Webb [defense counsel] and the defendant had an opportunity to present evidence. Did you hear any evidence?

Later the prosecutor remarked: "Again if he wanted some evidence to contradict that, Mr. Webb [had] the opportunity to put on evidence. He could have contradicted it."

And finally the prosecutor exhorted the jury: "The pants [defendant] was wearing that morning when Marie Winchester's throat was cut are just mysteriously missing. And Burdell McCall offers no explanation as to where they were to the police."

█ It is improper for the prosecution to comment on the accused's failure to testify. *State v. Garcia*, 357 S.W.2d 931 (Mo. 1962). Counsel in court should rigidly refrain from making any reference to the failure of the accused to testify. Although it is impermissible for a prosecutor to comment on the defendant's failure to testify, it is not impermissible for the prosecutor to comment on the defendant's failure to offer evidence. *State v. Pruitt*, 479 S.W.2d 785 (Mo. banc 1972). The ultimate test of whether the prosecutor commented on the defendant's failure to testify is whether the jury's attention was called to the fact that the accused did not testify. *State v. Frankoviglia*, 514 S.W.2d 536 (Mo.1974); *State v. Shields*, 391 S.W.2d 909 (Mo.) cert. denied, 382 U.S. 966, 86 S.Ct. 457, 15 L.Ed.2d 369 (1965). Direct and certain references to the failure of the accused to testify constitute reversible error. *State v. Rothaus*, 530 S.W.2d 235 (Mo. banc 1975).

█ The first two comments—"At that point Mr. Webb and the defendant had an opportunity to present evidence . . ." and "Again if he wanted some evidence to contradict that, Mr. Webb [had] the opportunity to put on evidence . . ." didn't

call to the jury's attention the appellant's failure to testify. It was a comment on the defendant's failure to offer evidence—which is permissible. *State v. Sechrest*, 485 S.W.2d 96 (Mo.1972); *State v. Pruitt*.

■ Nor was the last comment—"Burdell McCall offers no explanation as to where [the pants] were to the police," a direct reference to the defendant's failure to testify. It was in fact a misstatement of fact. During the trial the prosecution introduced evidence that the defendant was interrogated while in police custody and that during interrogation the defendant had admitted that he wore a green pair of pants on August 6, the day of the crime. The police confronted the defendant with a pair of green pants and asked if they were the pants he wore on August 6. He replied, "No." When told that the green pants were the only pair of green pants the police were able to find among his possessions, the defendant explained he did not know what happened to the green pair of pants he was wearing. Thus the prosecutor was only remarking on the inadequacy of the defendant's explanation to the police as to the whereabouts of the defendant's pants and the prosecutor was not referring to the defendant's failure to testify. Defendant's second point of error fails.

Defendant's third contention is the court erred by failing to sustain the defendant's motion for judgment of acquittal at the end of the state's case and at the end of the trial for the following reasons: (1) the state failed to prove first degree murder and robbery in the first degree because the state failed to prove property was taken from the decedent; (2) there was insufficient evidence of murder and (3) the state failed to prove armed criminal action as it was not proven defendant had a weapon.

The gist of defendant's complaint is that the wholly circumstantial case against defendant was insufficient to support a conviction.

In determining the sufficiency of evidence on a motion for judgment of acquittal, the court accepts as true all of the evidence in the record which tends to prove the defendant's guilt together with all the favorable inferences which can reasonably be drawn from that evidence and rejects all contrary evidence and inferences. *State v. Perkins*, 382 S.W.2d 701 (Mo.1964). The same standard is applied in determining the sufficiency of evidence to convict. *State v. Reed*, 453 S.W.2d 946 (Mo.1970).

■ When a conviction is based solely on circumstantial evidence, the facts and circumstances relied on by the state to establish the defendant's guilt must be consistent with each other, consistent with the guilt of the accused and inconsistent with any reasonable theory of his innocence. The evidence need not be conclusive of guilt, nor must the evidence demonstrate the impossibility of innocence. *State v. Lee*, 556 S.W.2d 25 (Mo. banc 1977), vacated on other grounds, 439 U.S. 461, 99 S.Ct. 710, 58 L.Ed.2d 736 (1979); *State v. Franco*, 544 S.W.2d 533 (Mo. banc 1976), cert. denied, 431 U.S. 957, 97 S.Ct. 2682, 53 L.Ed.2d 275 (1977). Thus evidence which merely raises a suspicion that the accused did commit a crime is insufficient to support a conviction. *State v. Bunton*, 453 S.W.2d 949 (Mo.1970); *State v. Castaldi*, 386 S.W.2d 392 (Mo.1965). The state must prove every essential element of the offense. *State v. Strong*, 339 S.W.2d 759 (Mo.1960); *State v. Gillman*, 329 Mo. 306, 44 S.W.2d 146 (1931).

■ The state presented ample evidence to support a conviction and thus the motion was properly denied. The state showed that the defendant threatened the decedent two or three days before the crime was committed. Defendant's cousin testified she observed the defendant enter and exit decedent's store the morning the decedent was killed. While under police interrogation defendant identified the knife which was used to kill the decedent as belonging to his stepmother—at whose house he was residing. The state also showed that defendant changed his shirt and pants the morning of August 6, 1977, and that blood was found on his sandals and the brim of his hat. Defendant bore scratch marks on his upper left arm and particles of human

flesh were found underneath the decedent's fingernails. In addition the decedent's cash register was found open and containing only a few loose coins.

The state also showed the appellant was unemployed before the commission of the crime and that he constantly borrowed money from his friends. Immediately after the crime appellant began to give money to his friends and relatives. On the day appellant was taken into custody he called his girlfriend to remind her that if anyone questioned her as to how much money he had the previous night she was to say $10, a falsehood. This summary of some of the state's evidence shows the trial judge was correct in not directing a judgment of acquittal.

Defendant's final contention is that the trial court erred by instructing the jury on first degree (felony) murder, second degree murder and manslaughter for two reasons: (1) the evidence showed that either the defendant slew Marie Winchester during the course of the robbery or attempted robbery or that he was entitled to an acquittal and (2) the submission of all three forms of homicide violated the double jeopardy clause of the fifth amendment to the United States Constitution.

Whether there is a legal sufficiency of evidence in support of the material issues of the case which will warrant its submission to the jury is a question of law for the court. *State v. Kinnamon*, 314 Mo. 662, 285 S.W. 62 (1926). To make a submissible case there must be substantial evidence tending to prove each and every element of the offense charged. *State v. Bowman*, 12 S.W.2d 51 (Mo.1928). In determining whether a submissible case has been made, the evidence and all inferences rea-

sonably drawn therefrom are construed in the light most favorable to the state and all evidence and inferences to the contrary are disregarded. *State v. Goforth*, 535 S.W.2d 464 (Mo.App.1976).

Therefore, to make a submissible case of first degree (felony) murder, the state must produce evidence on each and every element of the offense. The elements of first degree (felony) murder are: (1) the unlawful killing (2) of a human being (3) committed in the perpetration of or in the attempt to perpetrate (4) one of the five named felonies in the statute. *State v. Handley*, 585 S.W.2d 458 (Mo. 1979).[4] As stated above, there was sufficient evidence against defendant to make a submissible case of felony murder.

The elements of "common" or "conventional" second degree murder are (1) willful, (2) premeditated, (3) killing (4) of a human being (5) with malice aforethought. Id. at 462. The evidence was sufficient to justify a submission of second degree murder since the prosecution made a prima facie case on that offense. *State v. Bowman*.[5]

Several days before the killing defendant threatened and called Marie Winchester a vile name when she refused to extend him credit so he could purchase some candy. Marie Winchester was killed by stab wounds caused by defendant's stepmother's butcher knife at whose home defendant was then staying. Defendant was also seen entering Marie Winchester's store a few minutes before her corpse was discovered. The police discovered human blood on defendant's sandals and hat. From these and other facts the jury could have found that defendant took his stepmother's butcher

4. The five enumerated felonies are arson, rape, robbery, burglary and kidnapping. § 565.003, RSMo Supp. 1977.

5. However, we note it was error to submit second degree murder to the jury but not for the reasons appellant advances. Second degree murder is not a lesser included offense of first degree (felony) murder because three of the elements of second degree murder—willfulness, premeditation and malice aforethought—are not elements of first degree (felony) murder. Submitting second degree murder to the jury violated Article I, §§ 10 and 17 of the Missouri Constitution and the due process clause of the fourteenth amendment to the United States Constitution as appellant was tried for an offense for which he was not charged. *State v. Handley*, 585 S.W.2d at 462–63.

knife, walked down the street and willfully and premeditatedly killed Marie Winchester with malice aforethought.

There was also sufficient evidence from which the jury could have found defendant guilty of manslaughter. In Missouri manslaughter is a residual offense which encompasses every killing which is neither first or second degree murder nor excusable or justifiable homicide. *State v. Brewster*, 525 S.W.2d 427 (Mo.App.1975). The gravamen of the offense of manslaughter is the killing of a human being. *State v. Whitley*, 382 S.W.2d 665 (Mo.1964). From the facts as stated above the jury could have found that appellant stabbed and killed Marie Winchester.

Defendant's claim that the submission of all three forms of homicide violates the double jeopardy clause of the fifth amendment is incorrect. The double jeopardy clause provides that no person shall be placed in jeopardy twice for the same offense. The submission of a lesser included offense along with a greater offense charged in an indictment or information does not place a person twice in jeopardy for the same offense as long as the instructions are worded so that the defendant cannot be simultaneously convicted of both the lesser and greater offense. See *State v. Morgan*, 592 S.W.2d 796 (Mo. banc 1980). The submission of a lesser included offense with the greater charged in the indictment or information is common practice in this state. See *State v. Rose*, 346 S.W. 2d 54 (Mo. 1961); *State v. Bethel*, 569 S.W.2d 270 (Mo. App. 1978); *State v. Murray*, 568 S.W.2d 945 (Mo. App. 1978); *State v. Turley*, 518 S.W.2d 207 (Mo. App. 1974), cert. denied, 421 U.S. 966, 95 S.Ct. 1956, 44 L.Ed.2d 454 (1975); *State v. Kirk*, 510 S.W.2d 196 (Mo. App. 1974).

Defendant was ultimately found guilty of manslaughter, robbery in the first degree and armed criminal action. Because the jury found the defendant guilty of manslaughter, they implicitly found the defendant innocent of first and second degree murder. The finding of manslaughter and robbery in the first degree rendered the verdict inconsistent which the defendant further opines. However, when the verdicts on two counts are inconsistent, a reversal is not required. *State v. Jones*, 545 S.W.2d 659, 667 (Mo. App. 1976), citing *State v. Amerson*, 518 S.W.2d 29, 33 (Mo. 1975). It has been stated:

> Consistency in the verdict is not necessary. Each count in an indictment is regarded as if it was [sic] a separate indictment . . . .
>
> .     .     .     .     .
>
> That the verdict may have been the result of compromise, or of a mistake on the part of the jury, is possible. But verdicts cannot be upset by speculation or inquiry into such matters.

*Dunn v. United States*, 284 U.S. 390, 393–94, 52 S.Ct. 189, 190–191, 76 L.Ed. 356 (1932). See also *State v. Larkins*, 518 S.W.2d 131, 137 (Mo. App. 1974.

However much the jury's conclusion may tax the legally trained's penchant for consistency, the law is clear that inconsistent verdicts among the varied charges of a multi-count indictment are not self-vitiating. *United States v. Fox*, 433 F.2d 1235, 1238 (D.C. Cir. 1970). Further, juries frequently convict on some counts and acquit on others, not because they are unconvinced of guilt but simply because of compassion or compromise. Id. at 1238 n. 22.

One other matter arises subsequent to this appeal and argument and that is the decision of our Supreme Court in *Sours v. State*, 593 S.W.2d 208 (Mo. banc 1980). The defendant in that case was charged with robbery first degree by means of a dangerous and deadly weapon, § 560.120, RSMo 1969 and § 560.135, RSMo Supp.1975 (now § 569.020.1(2), RSMo 1978), and armed criminal action, § 559.225, RSMo Supp.1976 (now § 571.015, RSMo 1978). The court determined that a conviction for both robbery first degree and armed criminal action places a defendant twice in jeopardy by assessing multiple punishments for the same offense and reversed the conviction and sentence for armed criminal action and affirmed the defendant's conviction for robbery in the first degree.

■ Because defendant was found guilty of robbery in the first degree and of armed criminal action and in the interest of finality in accordance with Rule 84.14, we, in the instant case, reverse the conviction and sentence for armed criminal action and affirm the defendant's conviction and sentence for robbery first degree and affirm defendant's conviction and sentence of manslaughter.

It is so ordered.

GUNN, P. J., and STEPHAN, J., concur.