**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Carl LORENZ, Defendant-Appellant.**

No. 41824.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 21, 1981.

Rehearing Denied Aug. 6, 1981.

S. Francis Baldwin, Jefferson City, for plaintiff-respondent.

Joseph W. Larrew, Asst. Public Defender, Clayton, for defendant-appellant.

SIMON, Judge.

Defendant appeals from his conviction of Burglary Second Degree and Stealing. We affirm.

Defendant contends the trial court erred (1) in denying defendant's motion to strike the jury and empanel a new jury because of defendant's wild and unkempt appearance; (2) by its failure to permit defendant to inspect the handwritten notes of a state's witness, Detective Gary Brooks, and in failing to impose sanctions for the state's failure to comply with discovery rules; (3) permitting evidence of defendant's involvement in other crimes for which the defendant was not on trial; and (4) failing to grant a mistrial because the prosecution made an improper statement in closing argument that reflected on defendant's failure to testify. The sufficiency of the evidence is not questioned and therefore only those facts necessary to the disposition of the issues raised will be set forth.

Defendant initially contends that the jury should have been stricken because they were prejudiced by his wild appearance, and that he should have then been allowed to secure a haircut, shave and proper attire before a new jury was empaneled. On March 5, 1979, the day before defendant's trial and prior to the conducting of voir dire, defendant was brought out in view of the panel. Defendant's hair was long and he was unshaven. He wore no socks and his shoes had no shoestrings. The following day defendant filed a motion to strike the jury, and secure a haircut, shave and proper attire, and to empanel a new jury. The trial court denied this motion. Defendant claims that his wild appearance impinged on his presumption of innocence, and his right to a fair trial.

Defendant relies on *Estelle v. Williams*, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976), wherein the defendant was compelled to stand trial in identifiable prison clothing. In *Williams*, the court stated: "the State cannot consistently with the Fourteenth Amendment, compel an accused to stand trial before a jury dressed in identifiable prison clothes...." However, defendant's reliance is misplaced. In the present case the defendant was not dressed in identifiable prison clothing. The record indicates the defendant's appearance was similar at the time of his arrest. Many men in our society wear their hair long and are unshaven. The absence of shoestrings and socks does not create an impression that would infringe on defendant's presumption of innocence. In an analogous situation, our Supreme Court stated: "We fail to see how an ordinary jury would be prejudiced because it had seen defendant in old clothes, torn clothes or even soiled clothes, ...." *State v. Wilwording*, 394 S.W.2d 383, 389 (Mo.1965). There is no presumption of prejudice in the present situation, and the record indicates none as well. The trial court did not abuse its discretion. Defendant's first point is without merit.

Defendant, in his second point, contends the trial court erred in denying his motion to inspect Detective Brooks' notes, for a continuance to make the inspection and to exclude Detective Brooks' testimony. De-

fendant claims a violation of Rule 25.32 [1] in that the notes and their substance had never been disclosed to defendant and the notes contained a prejudicial statement by defendant which was inconsistent with his defense.

█ It is beyond debate that the question of remedies for violation of the discovery rules lies within the sound discretion of the trial court. *State v. Royal*, 610 S.W.2d 946 (Mo.banc 1980). If the violation of the discovery rules results in fundamental unfairness or prejudice to the substantive rights of the defendant, then the trial court's failure to impose sanctions would be an abuse of discretion. *State v. Davis*, 556 S.W.2d 45 (Mo.banc 1977). Detective Brooks, the arresting officer, testifying at the pre-trial motion to suppress defendant's statement, made reference to his handwritten notes. He had used the notes to prepare his official police report. According to Detective Brooks' testimony the defendant made two statements, one at the time of his arrest and one later at the police station. The police report made reference only to the statement at the police station and the police report was given to the defendant pursuant to his discovery motion.

Defendant, relying on *State v. Buckner*, 526 S.W.2d 387 (Mo.App.1975); *State v. Stapleton*, 539 S.W.2d 655 (Mo.App.1976); *State v. Wendell*, 547 S.W.2d 807 (Mo.App. 1976), argues that the trial court abused its discretion by failing to impose sanctions.

█ Defendant's reliance is misplaced. In the cited cases, the state was aware of the existence of the requested information but, either negligently or intentionally, failed to furnish the information to the defendant. That is not the situation here. The record indicates that the defendant and the state became aware of the handwritten notes at the same time. There is no evidence that the state failed to comply with defendant's request for discovery. Furthermore, the record does not reflect any substantive difference between Detective Brooks' handwritten notes and his official report.[2] Thus, we do not find the trial court's refusal to impose sanctions resulted in fundamental unfairness to the defendant. Defendant's second point is not well taken.

Defendant's third contention is that the trial court erred in permitting evidence of his involvement in crimes other than the crime for which he was on trial. During cross-examination of Detective Brooks, it was developed that Detective Brooks' police report was prepared eight weeks after the crime was committed. Apparently, in an attempt to explain the reason for this delay, the prosecution, on redirect, asked Detective Brooks if defendant's cooperation was sought in other matters and Detective Brooks replied that he had asked defendant if he "had any information that would assist the police department in the recovery of stolen property." Further, Detective Brooks was asked and answered the following question:

1. Rule 25.32 provides in pertinent parts:
"(A) Except as otherwise provided in these Rules as to protective orders, the state shall, upon written request of defendant's counsel, disclose to defendant's counsel such part or all of the following material and information within its possession or control designated in said request:
* * * * * *
(2) Any written or recorded statements and the substance of any oral statements made by the defendant or by a co-defendant, a list of all witnesses to the making, and a list of all witnesses to the acknowledgement, of such statements, and the last known addresses of such witnesses;
* * * * * *
(C) If the defense in its request designates material or information which would be dis-

coverable under this Rule if in the possession or control of the state, but which is, in fact, in the possession or control of other governmental personnel, the state shall use diligence and make good faith efforts to cause such materials to be made available ·to the defense counsel, and if the state's efforts are unsuccessful and such material or other governmental personnel are subject to the jurisdiction of the court, the court, upon request, shall issue suitable subpoenas or orders to cause such material or information to be made available to the state for disclosure to the defense."

2. Neither the police report nor the handwritten notes are a part of the record.

"Q. Is it fair to say during that time you were waiting for additional information?

A. Yes, I was."

Defendant claims that this testimony was evidence of his involvement in other crimes.

 As a general rule, evidence which tends to prove other crimes is inadmissible. However, to invoke this rule of exclusion there must be evidence that the defendant has committed, or has been accused of, charged with, convicted of, or been definitely associated with, another crime or crimes. *State v. Jones*, 523 S.W.2d 152, 155 (Mo. App.1975). The testimony of Detective Brooks does not meet that criteria. Therefore, defendant's point is without merit.

Defendant's final contention is that the trial court erred in failing to grant a mistrial because the prosecution had made a statement which reflected on his failure to testify. In closing argument, the prosecution made the following statement: "It's easy to ask critical questions, but ask yourselves, was any favorable evidence of the defendant's innocence developed or proved or produced. No." At this point defendant made an objection and a motion for mistrial. The trial court sustained the objection, but denied the motion for mistrial. Defendant claims that the trial court erred in not granting a mistrial.

 Defendant's point is without merit. The statement made by the prosecution was not in reference to defendant's failure to testify but rather focused upon defendant's failure to offer evidence on his behalf which is proper. *State v. Sechrest*, 485 S.W.2d 96, 98 (Mo.1972); *State v. McCall*, 602 S.W.2d 702, 705–706 (Mo.App.1980).

Judgment is affirmed.

SATZ, P. J., and SMITH, J., concur.