**STATE of Missouri,
Plaintiff-Respondent,**

v.

**James Epton CHUNN,
Defendant-Appellant.**

**No. 12530.**

Missouri Court of Appeals,
Southern District,
Division Three.

June 28, 1982.

Wesley D. Coleman, Asst. Public Defender, Caruthersville, for defendant-appellant.

John Ashcroft, Atty. Gen., John B. Jacobs, Jr., Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

BILLINGS, Presiding Judge.

Defendant James Epton Chunn was jury-tried and convicted in Dunklin County of felonious forgery [§ 570.090, RSMo 1978] and after having been found by the court to be a persistent offender [§ 558.016, RSMo 1978] was sentenced to four years in the custody of the Missouri Department of Corrections. He contends the court committed prejudicial and reversible error in imposing the sentence because the jury had assessed his punishment at nine months in the county jail and the persistent offender hearing was conducted after his motion for a new trial had been overruled. We affirm.

Defendant was charged in the amended information as a persistent offender by reason of prior felony convictions of arson (1975) and burglary and stealing (1979). At

the time of the instant offense, March, 1981, § 558.021, RSMo 1978, provided for a persistent offender hearing to be held by the court *after* a finding of guilty or after a guilty plea. However, effective September 28, 1981, the statute was changed and provides that in a jury trial the hearing be held *prior* to submission to the jury.[1]

Trial of defendant took place October 30, 1981. Under instructions given the jury a verdict was returned finding defendant guilty and assessing his punishment at nine months in the county jail. Defendant's counsel advised the court that a motion for a new trial would be filed and the court announced such motion and a hearing on defendant being a persistent offender would be taken up at a fixed future date. No objection was made to the proposed procedure and defendant's motion for a new trial made no mention of the matter. As scheduled, the motion for a new trial was heard and overruled and a hearing held on the persistent offender charge. No objection was made concerning the timing of the persistent offender hearing.[2] The court found the defendant was a persistent offender and sentenced him to four years imprisonment.

While we agree that the procedure followed by the trial court was contrary to the statute and, therefore, erroneous, we conclude such error was harmless and did not result in prejudice to the defendant. The finding of the court that defendant was a persistent offender and subject to being sentenced to an extended term, under the former statute or present version, leads to the same result—the court, not the jury, determines punishment upon a finding of guilty. In a sense, the procedure followed in this case resulted in what is described as

1. The statute provides the facts required by § 558.016.4(1) [pertaining to a dangerous offender] may be established and found at a later time, but prior to sentencing. Further, that in a trial without a jury or upon a plea of guilty, the court may defer the proof and findings concerning a prior, persistent or dangerous offender to a later time, but prior to sentencing. Section 557.036, RSMo 1978, [Role of court and jury in sentencing—jury informed of penalties]

provides in subsection 5: "The court shall not seek an advisory verdict from the jury in cases of prior offenders, persistent offenders, or dangerous offenders; if an advisory verdict is rendered, the court shall not deem it advisory, but shall consider it as mere surplusage."

2. In fairness to the trial judge and attorneys for the parties, we think it is clear they were unaware of the recent statutory change.

an advisory verdict mentioned in § 557.-036.5, RSMo 1978, and, consequently, mere surplusage. We, therefore, find there was no manifest injustice or miscarriage of justice.

The judgment is affirmed.

MAUS, C. J., and FLANIGAN, GREENE and PREWITT, JJ., concur.