STATE of Missouri, Respondent,

v.

Richard A. BRYANT, Appellant.

No. WD 33734.

Missouri Court of Appeals,
Western District.

Sept. 27, 1983.

James W. Fletcher, Public Defender, Gary L. Gardner, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Sandra K. Stratton, Asst. Atty. Gen., Jefferson City, for respondent.

Before CLARK, P.J., and PRITCHARD and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

A jury found the defendant Richard Bryant guilty of burglary in the second degree, a Class C felony, and assessed punishment at five years imprisonment. After the jury returned its verdict and sentence, the state presented to the court certified copies of the defendant's four prior felony convictions. The court found him to be a persistent offender and enhanced the sentence to ten years imprisonment. The sufficiency of the evidence is not questioned— the jury could have reasonably found the following facts:

Marilyn Vrbenec left her apartment in Kansas City, Missouri from August 27, 1981 until September 7, 1981 for a California vacation. Bryant lived across the hall from her in an apartment. Ms. Vrbenec testified that she did not know Bryant personally nor did she ever give him permission to enter her apartment at any time or to watch her apartment during her vacation.

A maintenance man for the apartment complex answered an early morning call on September 7, 1981 to check pry marks on Ms. Vrbenec's apartment door. Noticing the doorstop was mashed in and the door slightly ajar, he opened the door slightly to peek into the apartment. He then called the police from another apartment.

Investigators found the front door to have been forced open, and pry marks next to the dead bolt lock. The police found the dresser drawers in a back bedroom pulled out. Ms. Vrbenec recalled that the bedroom drawers were shut when she left for vacation. Dusting the dresser for latent fingerprints produced one identifiable print of a right middle finger. A stipulation was entered into that the impression of that print was the defendant's.

Prior to trial, the defendant requested disclosure pursuant to Rule 25.03(A)(2) of "any written or recorded statements and the substance of any oral statements made by the defendant ..." In response, the state produced a copy of a police report written by Detective Carl White containing a statement by Bryant that he "denied any knowledge of this offense." The state also endorsed Detective White as one of its witnesses. On the day of trial the prosecuting attorney first met Detective White in the hallway. He learned from the detective that the defendant's "denial of any knowledge of the offense" was written down in

the police report as the response to two questions: whether the defendant knew anything at all about the burglary and, more pointedly, whether the defendant had ever been in the victim's apartment before. The substance of the latter statement had not been disclosed to the defendant.

Out of the hearing of the jury, defense counsel moved to suppress any reference to the defendant's denial of his presence in the victim's apartment. Defense counsel rejected an offer to talk to the detective in the hallway prior to his testimony. The trial judge overruled the motion to suppress.

As his first point, Bryant claims error in the admission of Detective White's testimony referring to the defendant's denial of ever being present in the victim's apartment because the state failed to provide the substance of the oral statement made to the police in violation of Rule 25.03(A)(2). Bryant further argues under this point that the admission of the inculpatory oral statement revealed to him on the day of trial made the difference between a submissible and insubmissible case, and thus deprived the defendant of the defense of insubmissibility at trial. Having been objected to as a "discovery violation," this point will be treated as preserved for review.

Supreme Court Rule 25.03(A) provides in relevant part:

"... [T]he state shall, upon written request of defendant's counsel, disclose to defendant's counsel such part or all of the following material and information within its possession or control designated in said request: * * * (2) Any written or recorded statements and the substance of any oral statements made by the defendant ....."

■■■ The rules of criminal procedures, couched in mandatory language, impose a continuing obligation upon the state to provide a defendant with a decent opportunity to prepare for trial and to avoid surprise through disclosure of requested materials

within its possession or control. *State v. Stapleton,* 539 S.W.2d 655 (Mo.App.1976). The sanctions imposed for failure to comply with an applicable discovery order under Rule 25.16 [1] rest within the discretion of the trial judge. When the discovery violation results in fundamental unfairness or prejudices the substantive rights of the defendant to a fair trial, the failure to impose a particular sanction constitutes an abuse of that discretion. *State v. Lorenz,* 620 S.W.2d 407 (Mo.App.1981); *State v. Smothers,* 605 S.W.2d 128 (Mo. banc 1980), *cert. denied,* 450 U.S. 1000, 101 S.Ct. 1708, 68 L.Ed.2d 203 (1981).

In *State v. Lorenz, supra,* a police report made available to the defense contained only one of two statements made by the defendant. The court nonetheless found no discovery violation since both the state and the defendant became aware of the nondisclosed statement at the same time when referred to by a witness policeman at a hearing on a pre-trial motion to suppress the disclosed statement. As in *Lorenz,* the defendant here cannot point to any failure to comply with a discovery request. The record indicates that upon learning of Bryant's additional oral statement to Detective White, the prosecutor without delay told defense counsel of the substance of that statement.

In *State v. Blake,* 620 S.W.2d 359 (Mo. banc 1981), relied upon in appellant's brief, the court found prejudice from discovery violations "so apparent, we need not decide if disregard of the applicable discovery rules alone would mandate reversal." 620 S.W.2d at 361. At approximately five o'clock on the eve of trial for an offense of driving while intoxicated, the state endorsed two additional witnesses, advised appellant that he had been the subject of two blood alcohol and sobriety tests, and disclosed certain admissions by appellant that he had been drinking beer while taking valium and glycerin under a doctor's orders.

---

1. Supreme Court Rule 25.16 states as follows: "... the court may order such party to make disclosure of material and information not previously disclosed, grant a continuance, exclude such evidence, or enter such other orders as it deems just under the circumstances."

The denial of the appellant's request for a continuance, the court held, reflected an exercise of discretion to the *prejudice* of the appellant's right to assert the best possible defense under the circumstances, and resulted in fundamental unfairness.[2]

 Bryant cannot show that the failure to exclude the oral statement resulted in fundamental unfairness, or, as he claims, transformed an insubmissible case into a submissible one. Detective White had already been endorsed as a witness. Upon learning of the additional statement, defense counsel declined the opportunity to interview him, nor did he ask for a continuance or other remedy short of exclusion of the testimony. Most importantly, a submissible case is met by evidence that fingerprints could only have been impressed at the time the burglary was committed. *State v. Nash,* 621 S.W.2d 319, 322–23 (Mo. App.1981). Proof of the fingerprint found in the apartment together with Vrbenec's testimony that the defendant had never been given permission to enter her apartment, and that she had locked her apartment when she left for her vacation, makes a submissible case. *State v. Simmons,* 528 S.W.2d 8, 9–10 (Mo.App.1975); *State v. Clemmons,* 579 S.W.2d 682, 684–85 (Mo.App. 1979). Point I is ruled against appellant.

The state's amended information charged Bryant as a persistent offender and detailed four prior felony convictions. After the jury returned its verdict which assessed punishment at five years imprisonment, the court conducted a hearing out of the presence and hearing of the jury. The state presented to the court certified copies of defendant's four prior felony convictions. No objection to the introduction of the prior convictions was raised. After receiving the

exhibits, the trial judge stated, "It would seem that the State has proven its case with regard to persistent offenders," asked for sentencing recommendations from both parties, and then enhanced the sentence to ten years.

 Bryant raises two other points of error with respect to the sentencing procedures. First, he contends that the trial court failed to sentence him in accordance with Sections 558.021.2, 557.036.3 and 557.-036.5 RSMo. Supp. 1981 relating to the procedures for sentencing under the persistent offender statute, 558.016.3 RSMo. Supp. 1981, because the state did not prove its charge of persistent offender until after the jury had returned its verdict and assessed punishment at five years.[3] The state candidly admits that the hearing should have been held before submission to the jury. Bryant claims the court's enhancement of the sentence to ten years after the jury sentence deprived him of due process in that he had acquired a "substantial and legitimate expectation that he [would] be deprived of his liberty only to the extent determined by the jury in the exercise of its *statutory* discretion," relying upon and quoting *Hicks v. Oklahoma,* 447 U.S. 343, 346, 100 S.Ct. 2227, 2229, 65 L.Ed.2d 175 (1980) (emphasis added). These points not having been raised at the sentencing hearing or in defendant's motion for a new trial, appellate review is limited to the consideration whether manifest injustice or a miscarriage of justice resulted from the alleged errors. Rule 29.12; *State v. Thornton,* 651 S.W.2d 164, 165 (Mo.App.1983).

A persistent offender is statutorily defined as "one who has pleaded guilty to or has been found guilty of two or more

2. .That defense include a viable challenge to the qualifications and training of the operator of the breathalyzer tests who had been endorsed on the eve of trial. In addition, the state admitted that the large volume of traffic offenses processed each year prevented adequate and timely compliance with discovery requests. The state's alternative practice of allowing defense counsel to check its files in certain cases did not aid Blake since the materials requested

were absent from the state's files upon inspection. 620 S.W.2d at 360.

3. The procedures prior to the 1981 amendment to Section 558.021 RSMo.1978 provided for a sentencing hearing *after* a jury finding of guilty. Both Bryant's trial and sentencing occurred after November 1, 1981, the effective date of the amendment providing for a hearing: *prior* to submission to the jury. Section 558.-021.2 RSMo.1982.

felonies committed at different times." Section 558.016.3 RSMo. Supp. 1981. The court may but is not required to sentence a person who has been found guilty by a jury to an extended term of imprisonment. Section 558.016.1. "The imposition of an extended term ... however, rests on the proof of a charge beyond the offense for which the jury returned conviction. The due process of law concomitant by which a valid criminal conviction obtains, therefore, also attends the determination of the new matter upon which a valid extension of terms rests."[4] *State v. Thompson,* 629 S.W.2d 361, 365 (Mo.App.1981); *Specht v. Patterson,* 386 U.S. 605, 610, 87 S.Ct. 1209, 1212, 18 L.Ed.2d 326 (1967).

Section 557.036 defines the roles of the court and jury in sentencing. In the absence of a charge of persistent offender, section 557.036.2(2), the court must instruct the jury as to the range of punishment authorized by statute and to assess and declare the punishment as part of their verdict, in which case the jury sentence becomes the maximum sentence the judge may impose. Section 557.036.3.

The defendant in essence argues that the state's delay in proving the charge of persistent offender until *after* the jury verdict contrary to Section 558.021.2 RSMo. 1981 deprives the court of the authority to extend the jury sentence where the state proves the persistent offender charge after the jury verdict and sentence is rendered. Section 557.036.5 prohibits the court from seeking an advisory verdict but also provides that where one is rendered, the court is to treat the jury verdict as "mere surplusage." The "mere surplusage" command contradicts defendant's assertion that the court lacks the authority to impose an enhanced sentence where the state proves its persistent offender charge after the verdict. Instead, the statute deprives the *jury* of any role, including an advisory one, in sentencing a persistent offender. *See State v. Thornton, supra. See also State v. Chunn,* 636 S.W.2d 166 (Mo.App.1982); *State v. Lewis,* 633 S.W.2d 110 (Mo.App.1982). The defendant points to no authority, and none can be found, for his proposition that the "mere surplusage" command is only "intended to apply to the situation where the jury assesses a punishment without having been instructed to do so."

The defendant fails to show in what way he was prejudiced by the delay. No suggestion has been made that the employment of the correct procedure would have resulted in a different verdict. *State v. Fellows,* 629 S.W.2d 613 (Mo.App.1981). Under both the former and present procedures for sentencing a persistent offender, the judge determines punishment upon the jury's finding of guilt. *State v. Chunn, supra.*

■ Neither did the court's enhancement of the jury sentence violate due process. Bryant's reliance upon *Hicks v. Oklahoma* as support for his assertion to the contrary is misplaced. The United States Supreme Court in *Hicks* held that under the Oklaho-

4. Section 558.021 RSMo.1981 dealing with Extended Term Procedures, provides in relevant part:

1. The court shall find the defendant to be a ... persistent offender, ... if

(1) The indictment or information, original or amended, or the information in lieu of an indictment pleads all essential facts warranting a finding that the defendant is a prior offender, persistent offender, or dangerous offender; and

(2) Evidence is introduced that establishes sufficient facts pleaded to warrant a finding beyond a reasonable doubt that the defendant is a prior offender, persistent offender, or dangerous offender; and

(3) The court makes findings of fact that warrant a finding beyond a reasonable doubt by the court that the defendant is a prior offender, persistent offender, or dangerous offender.

2. In a jury trial, the facts shall be pleaded, established and found prior to submissions to the jury outside of their hearing ...

\* \* \* \* \* \*

4. The defendant shall be accorded full rights of confrontation and cross-examination, with the opportunity to present evidence, at such hearings.

5. The defendant may waive proof of the facts alleged.

\* \* \* \* \* \*

7. At the sentencing hearing both the state and the defendant shall be permitted to present additional information bearing on the issue of sentence.

940

ma statute which guaranteed the right to a jury sentence, the defendant acquired a legitimate expectation protected by due process in being deprived of his liberty only to the extent determined by the jury in its statutory discretion. The state court's mandatory jury instruction to return a forty year sentence under its habitual offender statute, although within the authorized range of punishment, infringed upon the jury's discretion and deprived defendant of his legitimate and substantial expectation of punishment by the jury. No such legitimate expectation to a jury verdict arose in defendant's case, however, since under the Missouri Criminal Code the ultimate power of sentencing remains with the court, not the jury. *See State v. Simpson,* 610 S.W.2d 75, 77–78 (Mo.App.1980); *State v. Lewis, supra.* Even in the absence of a charge of persistent offender, Section 557.036 "makes it clear that the ultimate decision as to the sentence is to be made by the trial judge. The jury has a definite role but this is to declare the maximum term of punishment that may be imposed. Subject to some specific exceptions, the court may not impose a longer term of imprisonment." The New Missouri Criminal Code: A Manual for Court Related Personnel, Section 2.7 (1978). One specific exception to the limitation on the court to impose a longer term is where the defendant is found to be a persistent offender. *State v. Lewis,* 633 S.W.2d at 118.

As his third point, the defendant claims error in the court's failure, contrary to Section 558.021.1(3), to make findings of fact warranting a finding beyond a reasonable doubt that appellant was a persistent offender. The court having substantial and uncontroverted evidence to support the sentence imposed, as well as proper jurisdiction over the defendant, the procedural deficiency does not render the sentence and judgment as void. *State v. Moland,* 626 S.W.2d 368, 372–73 (Mo.1982).

The judgment is affirmed.