**Burdell McCALL, Appellant,**

v.

**Paul K. DELO, Appellee.**

No. 93–3255.

United States Court of Appeals,
Eighth Circuit.

Submitted May 10, 1994.

Decided Aug. 12, 1994.

David Gallego, Troy, MO, argued, for appellant.

John Simon, Jefferson City, MO, argued, for appellee.

Before LOKEN, Circuit Judge, BRIGHT, Senior Circuit Judge, and HANSEN, Circuit Judge.

BRIGHT, Senior Circuit Judge.

In 1978 a Missouri jury convicted Burdell McCall of manslaughter, first degree robbery, and armed criminal action in connection with the slaying of Marie Winchester. The Missouri Court of Appeals affirmed the manslaughter and robbery convictions, and the accompanying thirty-five-year sentence, but reversed the armed criminal action conviction on double jeopardy grounds. *State v. McCall*, 602 S.W.2d 702 (Mo.Ct.App.1980).

McCall petitioned unsuccessfully for federal habeas corpus relief in 1981. He filed a new habeas petition under 28 U.S.C. § 2254 in 1991, which he amended in 1992. The district court[1] denied relief based on the Magistrate Judge's Report and Recommendation.

McCall appeals, asserting that the district court erred: (1) in denying his requests for an evidentiary hearing and appointed counsel; (2) in rejecting his claim of a racially-biased jury under *Swain v. Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965); (3) in rejecting his claim that the prosecutor suppressed exculpatory evidence; (4) in rejecting his claim that the prosecutor knowingly elicited perjured testimony; and (5) in denying his ineffective assistance of counsel claims. We affirm.[2]

## I.

On August 6, 1977, police found Marie Winchester, an elderly woman, stabbed to death in the back room of the Accomac Food Shop ("the Food Shop"), a small neighborhood confectionery which she owned and operated. Uncontradicted testimony indicates that Mrs. Winchester must have been killed between 7:10 a.m. and 8:00 a.m. that day. An eyewitness saw Burdell McCall enter and exit the Food Shop by its front door during the time in question. The Food Shop has a front and a back door. Police found the back door closed when they arrived on the scene, but officers later disagreed as to whether the back door was locked from the inside.

At McCall's trial the prosecution presented the following pieces of circumstantial evidence: (1) the eyewitness testimony placing McCall at the scene; (2) testimony that McCall threatened the victim two days before the crime; (3) McCall's own identification of the knife used to commit the murder as belonging to his stepmother, with whom McCall lived at the time of the stabbing; (4) testimony from his stepmother stating the knife had been missing that day and never returned; (5) specks of blood on McCall's hat brim and sandal, although not enough to serotype with the victim's blood; (6) scratch marks on McCall's arm coupled with particles of human flesh underneath the victim's fingernails; (7) testimony that McCall had no money before the slaying, but paid back several debts on and after that date; and (8) testimony that McCall changed clothes that morning around the time of the slaying, and that the green pants he wore early that morning somehow disappeared.

## II.

■ McCall concedes that his perjury and suppressed evidence claims are procedurally defaulted, and that five of his six allegations of ineffective assistance are also barred. McCall argues, however, that evidence of his actual innocence is sufficient to remove the procedural default as to each of these claims.

■ We may review the merits of a procedurally defaulted claim only if the petitioner can demonstrate (1) cause for his failure to raise the claim due to a constitutional violation, and prejudice resulting therefrom; or (2) a miscarriage of justice resulting from the failure to hear the claim. *Sawyer v. Whitley,*

---

1. The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

2. Appellee's Motion to Supplement the Record is granted.

—— U.S. ——, ——————, 112 S.Ct. 2514, 2518–19, 120 L.Ed.2d 269 (1992). McCall invokes the second exception, frequently referred to as an "actual innocence" exception. To demonstrate a "miscarriage of justice", a habeas petitioner "must show by clear and convincing evidence that but for a constitutional error, no reasonable juror would have found the petitioner [guilty] under the applicable state law." *Id.* at ——, 112 S.Ct. at 2515; *McCoy v. Lockhart,* 969 F.2d 649, 651 (8th Cir.1992).

McCall contends that the prosecutor unconstitutionally suppressed evidence. Having had more than fifteen years to find the allegedly suppressed evidence, McCall puts forth the following in support of his actual innocence claim: three pictures of the crime scene showing blood on the back door of the Food Shop (these photos are not included in the record before us); a 1977 article from a detective magazine stating that the perpetrator fled through the back door; and police reports indicating that contrary to one officer's testimony, the back door was closed and unlocked at the crime scene. According to McCall, all of this adds up to proof that the perpetrator fled out the back door, and therefore that he could not have committed the crime, given the eyewitness' testimony that he entered and exited through the Food Shop's front door.

As to the three allegedly suppressed photographs, McCall fails to state what these pictures depicted that the photographs introduced into evidence through Officer Anderson did not. We reject McCall's suppressed evidence claim. We also reject McCall's suggestion that an article which appeared in a detective magazine before the trial constitutes (or contains) new evidence of his innocence. Statements in the article which were attributed to police officers contain multiple levels of hearsay and simply do not possess the hallmarks of trustworthiness necessary for our review.

At this late date we also must reject McCall's perjury claims, which amount to pure allegation and conjecture. Though the officers presented somewhat conflicting testimony concerning whether the back door was locked or unlocked, this does not mean that either officer perjured himself.

We observe that even if McCall's new evidence amounted to proof that the perpetrator fled out the back door, we would not consider McCall's conviction a miscarriage of justice. The prosecution introduced circumstantial evidence independent of the door dispute upon which the jury could have convicted McCall. Among the possible theories of McCall's guilt consistent with the other evidence *and* McCall's "back-door" theory are (1) that McCall entered and exited the Food Shop's front door, then reentered the store and fled out the back; (2) that McCall opened the back door seeking to flee but then decided to flee out the front door. We decline to remove the procedural bar with respect to McCall's suppressed evidence and perjury claims.

McCall also contends that the district court erred and abused its discretion in denying him an evidentiary hearing and counsel to assist in preparing his case. We have carefully reviewed the record, and find no merit to these claims.

■ Apart from these evidentiary claims, McCall contends that the prosecutor violated the Constitution when he struck all six blacks from the venire, resulting in an all-white jury. McCall concedes that *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), does not apply retroactively to his case. While McCall might have a valid claim under today's standards, he has presented no evidence of a pattern of strikes required to sustain a constitutional claim under *Swain, Batson*'s predecessor. Accordingly, we reject this contention.

Finally, we have reviewed the record and determine that McCall's arguments concerning ineffective assistance of counsel do not entitle him to habeas relief.[3]

---

3. Unfortunately, this case probably represents another example in the criminal justice system of what might be called unequal justice between the rich and the poor. Given the nature of the circumstantial evidence here, some of it questionable, if McCall were a person of wealth who could employ the best of counsel and the best of investigators, he might have presented a more effective defense to the prosecution's case.

## III.

Based on the foregoing reasons, as well as the reasons contained in the Magistrate Judge's comprehensive Report and Recommendation adopted by the district court, we affirm the judgment denying McCall's petition for habeas relief.